COMMONWEALTH *vs.* DANIEL BRANDANO
(and a companion case[1]).

Middlesex.  December 8, 1970. — April 20, 1971.

Present: TAURO, C.J., SPALDING, CUTTER, REARDON, & QUIRICO, JJ.

*Practice, Criminal*, Appeal, Continuance, Dismissal.

The Commonwealth had a right to appeal under G. L. c. 278, § 28E, from
dismissal of a felony case by a judge without a motion to dismiss by the
defendant where it appeared that another judge, on a motion by the
defendant for a continuance, had previously continued the case for
one year without a finding and the Commonwealth had appealed from
the continuance, and that the dismissal was based on the defendant's
motion to continue the case. [333–334]

When dismissal of a criminal case prior to trial is proposed by the de-
fendant or by the judge and opposed by the Commonwealth, the
defendant should file an affidavit in support of a dismissal containing
all the facts and the law relied upon; the Commonwealth may file a
counter affidavit, and, as to matters contained in the affidavits which
are in dispute, there should be a hearing, unless the judge concludes
that on the face of the affidavits the "interests of public justice" do
not warrant a dismissal; if the judge concludes that the "interests of
public justice" require a dismissal he should record the findings of fact
and the reasons for his decision, from which the Commonwealth would
have a right of appeal under G. L. c. 278, § 28E. [337]

Upon appeal by the Commonwealth under G. L. c. 278, § 28E, from the
dismissal of a felony indictment before trial by a judge where the
dismissal was based on a motion of the defendant to continue the case
without a finding, grounded on c. 266, § 29, and c. 276, § 87, and sup-
ported by an affidavit relating facts not tested in an adversary pro-
ceeding, and allowed subject to claim of appeal by the Commonwealth
by another judge who certified "that the cause relied on exists and that
the interests of public justice require the allowance" of the motion,
this court vacated the judgment dismissing the indictment and re-
manded the case for further proceedings indicated. [337]

Two INDICTMENTS found and returned in the Superior
Court on June 7, 1968, and July 9, 1968, respectively.

---

[1] The companion case is Commonwealth *vs.* Henry W. Strob.

Motions to continue were allowed by *Sullivan,* J., and the indictments were dismissed by *Hale,* J.

*Terence M. Troyer,* Assistant District Attorney, for the Commonwealth.

*Joseph J. Balliro,* for Daniel Brandano, submitted a brief.

*Max C. Goldberg,* for Henry W. Strob, submitted a brief.

*John J. Irwin, Jr.,* & *Ruth I. Abrams,* Assistant Attorneys General, for the Attorney General, amicus curiae, submitted a brief.

*Reuben Goodman,* for the Massachusetts Defenders Committee, amicus curiae, submitted a brief.

TAURO, C.J.   In June, 1968, the defendant Brandano was indicted and in July, 1968, the defendant Strob was indicted under G. L. c. 266, § 28, each for receiving a stolen motor vehicle, knowing the vehicle to have been stolen.   These offences were alleged to have taken place on the following dates: Brandano — March 25, 1966; Strob — February 24, 1966.   In November, 1968, upon the defendants' motions their cases were continued for one year without a finding under the supervision of the probation department.   Each motion was supported by an affidavit.   The judge certified in each case "that the cause relied on exists and that the interests of public justice require the allowance [of the motion]."   The Commonwealth claimed an appeal in each case.   In October, 1969, the indictment against each defendant was dismissed by another judge and the Commonwealth appealed.

The defendant Strob contends that G. L. c. 278, § 28E, inserted by St. 1967, c. 898, § 1, permitting appeals by the Commonwealth in felony cases, is not applicable to the present cases.   Section 28E relates in relevant part to "a decision, order or judgment of the court (1) allowing a motion to dismiss an indictment or complaint . . . ."   He claims that the appeal does not lie because dismissal of his indictment was on the judge's own motion.   We disagree. The judge's action in dismissing the indictment was based on the original motion of the defendant to continue the case for one year without a finding.

It was the clear intention of the defendant in filing his motion that the case would ultimately be dismissed. In dismissing the indictment another judge was fulfilling the intention of the first judge who continued the case for one year without a finding. See Smith, Criminal Practice and Procedure, § 1141. The mere fact that the indictment was dismissed without further motion by the defendant does not defeat the Commonwealth's right of appeal under § 28E. The same is true in the Brandano case.

The defendants' motions for continuance were based on G. L. (Ter. Ed.) c. 266, § 29,[2] and G. L. c. 276, § 87.[3] Neither of these statutes has ever been interpreted by this court with respect to the present problem. The Commonwealth contends that no precedent is available because no case has been continued generally without a finding except by agreement of the parties; and that, without the consent of the Commonwealth, no case should be so continued. The Commonwealth further argues (a) that it is not in "the interest of public justice" to continue and dismiss these cases without a hearing and finding, and (b) that if leniency is appropriate, then the defendants' cases should be filed after a verdict, finding or plea is recorded. The Attorney General, in an amicus curiae brief, suggests that the cases should be remanded to the Superior Court for trial "since the reasons stated in the affidavits do not justify the extraordinary action taken by the superior court."

If a valid complaint or indictment is dismissed prior to a verdict, finding or plea, without an evidentiary hearing and

---

[2] Chapter 266, § 29, provides, "A complaint or indictment for the violation of any provision of section twenty-seven A or twenty-eight shall not, unless the purposes of justice require such disposition, be placed on file or disposed of except by trial and judgment according to the regular course of criminal proceedings. It shall be otherwise disposed of only upon motion in writing, stating specifically the reasons therefor and verified by affidavit if facts are relied on. If the court or justice certifies in writing that he is satisfied that the cause relied on exists and that the interests of public justice require the allowance thereof, such motion shall be allowed, and said certificate shall be filed in the case."

[3] General Laws c. 276, § 87, provides in part, "The superior court may place upon probation under any of its probation officers any person before it charged with crime . . . ."

over the objection of the Commonwealth "[t]he effect . . . is like that of quashing or entering a *nolle prosequi* of an indictment." *Commonwealth* v. *Bressant,* 126 Mass. 246, 247. There is, indeed, serious doubt as to the power of a court to enter such an order. See Anderson, Wharton's Criminal Law & Procedure, § 2070; annotation, 69 A. L. R. 240, and cases cited.

The authority of the judge to dismiss in certain situations is well established, such as where there is a faulty indictment (G. L. c. 277, § 47A, as amended by St. 1965, c. 756, § 1) or after a trial or after a plea of guilty or upon refusal of the Commonwealth to prosecute. This involves no interference with the proper function of prosecuting officials. On the other hand, "A district attorney has the absolute power to enter a *nolle prosequi* on his official responsibility without the approval or intervention of the court. He alone is answerable for the exercise of his discretion in this particular. His action is final." *Attorney Gen.* v. *Tufts,* 239 Mass. 458, 537, 538. See *Commonwealth* v. *Andrews,* 2 Mass. 409, 414. In *Commonwealth* v. *Hart,* 149 Mass. 7, 8–9, this court said, "Only an attorney authorized by the Commonwealth to represent it has authority to declare that he will not further prosecute a case in behalf of the Commonwealth. A court is not a prosecuting officer, and does not act as the attorney for the Commonwealth. Its office is judicial, — to hear and determine between the Commonwealth and the defendant."

Undoubtedly the power of dismissal by the judge with the consent of the Commonwealth often has been exercised in circumstances where the result was fair and just to both the defendant and to the Commonwealth. In cases where a dismissal is made with the approval of the Commonwealth the judge in effect merely concurs in a recommendation of the prosecution which is exercising its authority as part of the Executive Branch of government. Indeed, in the cases of the two defendants the facts related in their affidavits, but not tested by adversary proceedings, if established might support such actions by the judge. We believe, however, that as a matter of sound criminal procedure and practice

such decisions should not be made by the judge over the objection of the Commonwealth in the absence of an adversary proceeding. See *Sheehan, petitioner*, 254 Mass. 342.

The defendants seem to equate the power of the judge to place a defendant on probation with his authority to dismiss. There is a marked distinction. A defendant placed on probation is under the court's supervision pending further order or final judgment. Compare *Marks* v. *Wentworth*, 199 Mass. 44 (where the defendant had been placed on probation after a guilty finding). The judge's power to place a defendant on probation does not necessarily include the authority to dismiss his case. Moreover, there is a marked difference between placing a case on file and dismissal. A case placed on file with the defendant's approval may be brought forward at any time by the district attorney whereas a defendant whose case has been dismissed with the defendant's approval can be brought to trial only by a new complaint or indictment. See *Commonwealth* v. *Dowdican's Bail*, 115 Mass. 133.

We believe that there may be serious constitutional questions as to the power of a judge to dismiss in the circumstances of these cases. See *United States* v. *Cox*, 342 F. 2d 167, 171 (5th Cir.), cert. den. sub nom. *Cox* v. *Hauberg*, 381 U. S. 935. There exists the danger that "the possession by the judicial department of power to permanently refuse to enforce a law would result in the destruction of the conceded powers of the other departments and hence leave no law to be enforced." *Ex parte United States, petitioner* 242 U. S. 27, 42. In *People* v. *Winters*, 171 Cal. App. 2d Supp. 876, a California Superior Court in reversing a dismissal of complaints without trial stated that in order to show an exercise of a valid legal discretion a dismissal in the "'furtherance of justice' requires consideration both of the constitutional rights of the defendant and the interests of society represented by the People . . . . The scales of justice must be kept in balance." Moreover, the "administration of the criminal law ought not to be open to the just imputation or the strong suspicion of being con-

ducted on the footing of special favors." *Attorney Gen.* v. *Tufts,* 239 Mass. 458, 514. In short "the integrity of the judicial system" requires that it "not only be beyond suspicion but must appear to be so." *Massachusetts Bar Assn.* v. *Cronin,* 351 Mass. 321, 326.

Without deciding the ultimate question of constitutionality, we believe that the procedure, utilized in this case either generally or under the statute, would not be constitutionally offensive if the following standards of procedure are met. When dismissal of a case is proposed by the defendant or by the judge without the consent of the Commonwealth, the defendant shall file an affidavit in support of a dismissal which shall contain all the facts and the law relied upon in justification of a dismissal. The Commonwealth may file a counter affidavit, and, as to matters contained in the affidavits which are in dispute, there shall be a hearing, unless the judge concludes that on the face of the affidavits "the interests of public justice" do not warrant a dismissal. If the judge concludes that the "interests of public justice" require a dismissal he shall record the findings of fact and the reasons for his decision. The Commonwealth would have a right of appeal under G. L. c. 278, § 28E, as amended.

This procedure, we believe, lays down suitable rules for the proper exercise of judicial power. It provides a basis for review by this court. It recognizes the power of the courts to act in appropriate cases. It also requires a judge exercising important discretionary powers to "set forth his reasons for doing so in order that all may know what invokes the court's discretion and whether its action is justified." *Salt Lake City* v. *Hanson,* 19 Utah 2d 32, 35. See *People* v. *Beasely,* 5 Cal. App. 3d 617, 636–637. There is no problem of double jeopardy. See G. L. (Ter. Ed.) c. 263, §§ 7, 8, 8A (as amended by St. 1953, c. 319, § 29); c. 277, § 75.

The judgments are vacated and the cases are remanded for further proceedings consistent with this opinion.

*So ordered.*