COMMONWEALTH vs. JOHN V. VASCOVITCH, JR.

No. 95-P-276.

Plymouth. December 5, 1995. - February 16, 1996.

Present: WARNER, C.J., KASS, & FLANNERY, JJ.

*Constitutional Law,* Separation of powers. *Practice, Criminal,* District Attorney, Dismissal, Nolle prosequi. *General Court. District Attorney.*

A District Court judge acted contrary to legislative mandate and violated art. 30 of the Massachusetts Declaration of Rights by dismissing criminal complaints over the objection of the Commonwealth. [62-64]

COMPLAINTS received and sworn to in the Brockton Division of the District Court Department on May 14, 1991.

On transfer to the jury session of the Stoughton Division, the complaints were ordered dismissed by *Mary Ann Driscoll,* J.

*Robert C. Thompson,* Assistant District Attorney, for the Commonwealth.

*Frederick M. McDermott & David M. Asack,* for the defendant, submitted a brief.

WARNER, C.J. The defendant was charged with larceny of a motor vehicle in violation of G. L. c. 266, § 28, and larceny in violation of G. L. c. 266, § 30. After an unrecorded side bar conference, the defendant paid the victim $500 in restitution. A District Court judge then dismissed the case over the prosecutor's objection, stating: "I'm going to dismiss this case on payment of restitution as I promised I would." The Commonwealth appealed. See Mass. R. Crim. P. 15(b), as amended, 397 Mass. 1225 (1986); G. L. c. 278, § 28E. The Commonwealth correctly argues that the pretrial dismissal over its objection was contrary to legislative mandate and

violated art. 30 of the Massachusetts Declaration of Rights.[1] We vacate the judgment of dismissal.

Article 30 creates a separation of powers among the branches of government giving the prosecutor broad discretion in determining whether to prosecute a case. *Shepard* v. *Attorney Gen.*, 409 Mass. 398, 401 (1991). *Commonwealth* v. *Pellegrini*, 414 Mass. 402, 404 (1993). "Pretrial dismissal, over the Commonwealth's objection, of a valid complaint or indictment before a verdict, finding, or plea, and without an evidentiary hearing basically quashes or enters a nolle prosequi of the complaint or indictment. See *Commonwealth* v. *Gordon*, 410 Mass. 498, 503 (1991)." *Commonwealth* v. *Pellegrini*, *supra* at 404. A decision to nol pros a criminal case rests with the executive branch of government and, absent a legal basis, cannot be entered over the Commonwealth's objection. *Commonwealth* v. *Gordon*, *supra* at 500-501. A judge, however, often dismisses a case with the consent of the Commonwealth where the result is fair and just to both the defendant and the Commonwealth. *Commonwealth* v. *Brandano*, 359 Mass. 332, 335 (1971). Here, the record reflects that the Commonwealth objected and that there was no independent legal basis for the dismissal, and, therefore, the dismissal cannot stand. The judge's dismissal also unconstitutionally usurped the Legislature's power to prescribe punishment for criminal conduct. See *Sheehan, petitioner*, 254 Mass. 342, 345 (1926); *Commonwealth* v. *Brandano, supra* at 336; *Commonwealth* v. *Jackson*, 369 Mass. 904, 922 (1976); *Commonwealth* v. *Tuitt*, 393 Mass. 801, 814 (1985).

The defendant was charged with larceny of a motor vehicle under G. L. c. 266, § 28, as amended through St. 1989, c. 341, § 101, which provides that "[a] prosecution commenced under this subdivision shall not be placed on file or continued without a finding."[2] "[I]n our tripartite system of government it is unquestionable that the Legislature has the authority to

---

[1]Article 30 of the Massachusetts Declaration of Rights provides: "In the government of this commonwealth, the legislative department shall never exercise the executive and judicial powers, or either of them: the executive shall never exercise the legislative and judicial powers, or either of them: the judicial shall never exercise the legislative and executive powers, or either of them: to the end it may be a government of laws and not of men."

[2]In addition, a person found guilty of violating G. L. c. 266, § 28(*a*), must pay restitution in addition to punishment, and not in lieu thereof. G. L. c. 266, § 29.

determine what conduct shall be punishable and to prescribe penalties." *Commonwealth* v. *Jackson, supra* at 922. The provision of G. L. c. 266, § 28, stating that a prosecution shall not be placed on file or continued without a finding indicates a legislative determination that, absent some independent legal justification, a judge cannot dispose of a charge under the statute without a determination of guilt or innocence. See District Court Department of the Trial Court, Standards of Judicial Practice: Sentencing and Other Dispositions, Commentary to Reg. 7:10 (1984) ("A prosection commenced under the statutes set forth below must proceed to a finding . . . [3] Motor Vehicle Theft . . . G. L. c. 266, § 28[a]"). Here, contrary to legislative mandate, the judge dismissed the case without determination of the defendant's guilt. Just as the judiciary may not exercise the executive powers, it may not exercise those of the Legislature. The judgment is vacated, and the case is remanded to the District Court for trial.

*So ordered.*