COMMONWEALTH *vs.* JAMES D. PYLES, JR.

Hampden. September 10, 1996. - November 8, 1996.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, & FRIED, JJ.

*Practice, Criminal,* Continuance without a finding. *Judge. District Attorney. Constitutional Law,* Separation of powers. *General Court.*

General Laws c. 278, § 18, which specifically authorizes a District Court judge to grant a criminal defendant's request, after the tender of a plea of guilty, to continue the case without a finding, does not constitute an improper intrusion by the Legislature on the district attorney's executive authority in violation of art. 30 of the Massachusetts Declaration of Rights, where the Legislature has broad authority to classify criminal conduct, to establish criminal penalties and to adopt rules of criminal practice and procedure. [719-723]

In a criminal case, a District Court judge properly exercised her discretion in the best interests of justice to dispose of the matter in accordance with the procedure set forth in G. L. c. 278, § 18, by granting the defendant's request, after the tender of a plea of guilty and after a hearing, to continue the case without a finding with the imposition of specific conditions. [723-724]

COMPLAINT received and sworn to in the Springfield Division of the District Court Department on October 31, 1994.

The case was heard by *Nancy Dusek-Gomez,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Judy Zeprun Kalman,* Special Assistant District Attorney, for the Commonwealth.

*Kathleen M. Curry* for the defendant.

*Donald S. Bronstein & William C. Newman* for Committee for Public Counsel Services & another, amici curiae, submitted a brief.

GREANEY, J. The defendant was charged by a complaint in a District Court with assault by means of a dangerous weapon in violation of G. L. c. 265, § 15B (1994 ed.). According to

the Commonwealth, the defendant, during an argument, cocked and pointed a handgun at his twelve year old nephew, in the presence of the boy's mother (defendant's sister). The defendant disputed this version of the facts, claiming that he never removed the handgun from its holster, but he admitted that the holstered weapon might have been visible to the boy. On the day scheduled for trial, the defendant executed a written waiver of his right to a jury trial and offered a guilty plea to the judge. The defendant and the Commonwealth could not agree on a disposition. The Commonwealth requested that the defendant be sentenced to a one-year term of incarceration, six months to be served with the balance suspended and two years on supervised probation with conditions. The defendant requested that the judge not enter a guilty finding, but rather continue the case without a finding for a period of one year. The judge accepted the defendant's requested recommendation and imposed conditions on the grant of the continuance. Over the Commonwealth's objection, the judge found sufficient facts to warrant the entry of a finding of guilty, and she ordered that the case be continued for one year on specific conditions. The Commonwealth filed a notice of appeal from this disposition.

The Commonwealth next brought a petition pursuant to G. L. c. 211, § 3 (1994 ed.), seeking relief from the disposition. A single justice held a hearing on the petition, and a judgment entered remanding the case to the judge "to determine the defendant's guilt or innocence or to follow the procedures in *Commonwealth* v. *Brandano*, 359 Mass. 332, 337 (1971), in order that the Commonwealth may have a record on which to base an appeal before the case becomes moot." Affidavits were prepared, and a *Brandano* hearing was held, after which the judge entered "Findings and Order" in which she found a sufficient factual basis to accept the defendant's guilty plea, but concluded that "the constitutional rights of the [d]efendant and the interests of society are aptly protected by the continuation of this case, [for one year] without an entry or a finding of guilt." The judge explained her reasons for the disposition and modified one of the conditions imposed on the defendant to take into account events

that had occurred between the original disposition and the entry of her decision after the *Brandano* proceeding.[1]

We transferred the Commonwealth's appeal from the original disposition to this court from the Appeals Court on our own motion.[2] The Commonwealth argues that the judge's disposition of the case violated art. 30 of the Massachusetts Declaration of Rights[3] by improperly intruding on the executive power of the district attorney. The Commonwealth requests that the case be placed on the list for trial. We conclude that the judge's disposition did not violate art. 30, and was otherwise warranted. Accordingly, we affirm the judge's order.

1. The Commonwealth argues that "[b]y continuing the defendant's case without a finding [over the Commonwealth's objection], the judge effectively chose to enter a discretionary dismissal of the defendant's case which was tantamount to a nolle prosequi and which was beyond the scope of her authority to do." The Commonwealth thus maintains that the judge infringed on the district attorney's authority under art. 30 to prosecute a complaint.

Article 30 provides for a separation of powers among the branches of government, essentially giving the prosecutor broad discretion in deciding whether to prosecute a case. *Burlington* v. *District Attorney for the N. Dist.*, 381 Mass. 717, 721 (1980). "Pretrial dismissal, over the Commonwealth's

[1] The Commonwealth filed a second petition pursuant to G. L. c. 211, § 3, from the judge's order after the *Brandano* proceedings seeking an order that the defendant's probation be stayed pending decision on the underlying appeal. Another single justice heard the petition and ordered that the petition be denied.

[2] No appeal was taken from either judgment entered in the county court. We treat the Commonwealth's appeal from the underlying disposition as one taken under G. L. c. 278, § 28E (1994 ed.). See *Commonwealth* v. *Gomes*, 419 Mass. 630, 632 n.3 (1995). The single justice who denied the Commonwealth's second petition under G. L. c. 211, § 3, appears to have done so because he thought that the Commonwealth's appeal would not become moot if the one-year continuance period passed while the appeal was being pursued. There is no claim that the case has become moot.

[3] Article 30 of the Massachusetts Declaration of Rights provides: "In the government of this Commonwealth, the legislative department shall never exercise the executive and judicial powers, or either of them: the executive shall never exercise the legislative and judicial powers, or either of them: the judicial shall never exercise the legislative and executive powers, or either of them: to the end it may be a government of laws and not of men."

objection, of a valid complaint or indictment before a verdict, finding, or plea, and without an evidentiary hearing basically quashes or enters a nolle prosequi of the complaint or indictment. See *Commonwealth* v. *Gordon,* 410 Mass. 498, 503 (1991)." *Commonwealth* v. *Pellegrini,* 414 Mass. 402, 404 (1993). A decision to enter a nolle prosequi on a criminal charge rests with the executive branch of government and, absent a legal basis, cannot be entered over the prosecutor's objection. *Commonwealth* v. *Gordon, supra* at 500-501.

The disposition of this case conforms to G. L. c. 278, § 18 (1994 ed.), which reads, in pertinent part:

> "A defendant who is before the Boston municipal court or a district court on a criminal offense within the court's final jurisdiction shall plead not guilty or guilty, or with the consent of the court, nolo contendere. Such plea of guilty shall be submitted by the defendant and acted upon by the court; provided, however, that a defendant with whom the commonwealth cannot reach agreement for a recommended disposition shall be allowed to tender a plea of guilty together with a request for a specific disposition. Such request may include any disposition or dispositional terms within the court's jurisdiction, including, unless otherwise prohibited by law, a dispositional request that a guilty finding not be entered, but rather the case be continued without a finding to a specific date thereupon to be dismissed, such continuance conditioned upon compliance with specific terms and conditions or that the defendant be placed on probation pursuant to the provisions of [G. L. c. 276, § 87]. If such a plea, with an agreed upon recommendation or with a dispositional request by the defendant, is tendered, the court shall inform the defendant that it will not impose a disposition that exceeds the terms of the agreed upon recommendation or the dispositional request by the defendant, whichever is applicable, without giving the defendant the right to withdraw the plea.

> "If a defendant, notwithstanding the requirements set forth hereinbefore, attempts to enter a plea or statement consisting of an admission of facts sufficient for finding

of guilt, or some similar statement, such admission shall be deemed a tender of a plea of guilty for purposes of the procedures set forth in this section."

This statute, enacted in connection with the elimination of the two-tier trial de novo system in the District Court and the Boston Municipal Court Departments,[4] specifically provides for what occurred here. The defendant and the Commonwealth could not agree on a disposition, so the defendant offered a plea of guilty, together with a request that a guilty finding not be entered and that the case be continued without the entry of such a finding on specific terms or on probation pursuant to G. L. c. 276, § 87 (1994 ed.).[5] The judge conducted a hearing and agreed to the disposition requested by the defendant with the imposition of specific conditions.[6]

As noted above, the Commonwealth challenges the judge's disposition as a violation of the separation of powers mandated by art. 30. If, however, G. L. c. 278, § 18, does not constitute an improper intrusion by the Legislature on the district attorney's authority, it follows that the judge's disposition does not violate art. 30. The Legislature has great latitude in defining criminal conduct and in prescribing penalties to vindicate the legitimate interests of society. *Commonwealth* v. *Morrow*, 363 Mass. 601, 610-611 (1973); *Sheehan, petitioner*, 254 Mass. 342, 345 (1926). "The function of the legislature [in this area] is primary, its exercises fortified by presumptions of right and legality, and is not to be interfered with lightly, nor by any judicial conception of their wisdom or propriety." *Weems* v. *United States*, 217 U.S. 349,

---

[4]Statute 1992, c. 379, § 193, rewrote G. L. c. 278, § 18. Section 226 of c. 379 made the revised § 18 effective to criminal cases arising after January 1, 1994, the date the de novo trial system was abandoned.

[5]This statute authorizes a trial court (with certain exceptions) to "place on probation in the care of its probation officer any person before it charged with an offense or a crime for such time and upon such conditions as it deems proper, with the defendant's consent, before trial and before a plea of guilty, or in any case after a finding or verdict of guilty." G. L. c. 276, § 87 (1994 ed.).

[6]The judge heard a summary of the facts underlying the charge; the defendant's version of the facts; and the position of the victim, the defendant's twelve year old nephew, and the boy's mother, on the effect of the incident and on a possible disposition. In connection with the continuance, the defendant was ordered to enter substance abuse treatment and to pay certain expenses incurred by the victim's mother.

379 (1910). See also *Commonwealth* v. *Jackson*, 369 Mass. 904, 920 (1976) (Legislature has power to regulate judicial authority to make disposition prior to imposition of sentence). As an examination of the various provisions of G. L. c. 277 and 278 discloses, the Legislature also may establish and define methods of criminal practice and procedure. Section 18 represents the delineation by the Legislature of a dispositional option, similar to that offered by a pretrial diversion program.

The disposition provided for in § 18 flows from, and is encompassed within, the Legislature's broad authority to classify criminal conduct, to establish criminal penalties, and to adopt rules of criminal practice and procedure. We believe further that, in enacting § 18, the Legislature was undoubtedly aware of the decision in the *Brandano* case, which created a practice concerning the dismissal of a criminal charge after a continuance that has been used for twenty-five years without substantive challenge, and the decision in *Commonwealth* v. *Duquette*, 386 Mass. 834 (1982), in which this court discussed the mutual benefits of pretrial disposition by means of a continuance without a finding.[7] The Legislature consistent with its prerogatives described above, has enacted other statutes that either permit or mandate analogous forms of disposition by means of pretrial diversion. See, e.g., G. L.

---

[7]In *Commonwealth* v. *Duquette*, 386 Mass. 834, 843 (1982), this court said the following:

> "We recognize that the 'continuance without a finding' is a procedure which often serves the best interests of both the Commonwealth and the defendant. The benefit to a defendant is obvious: he may be able to avoid a trial and 'earn' a dismissal of the indictment or complaint, thereby avoiding the consequences of having a criminal conviction on his record. These advantages would be especially appealing to a first offender or a defendant whose job security or family situation might be threatened by a conviction. The Commonwealth avoids the more time-consuming process of trial and sentencing. Statutes or court rules specifically authorizing practices similar to the continuance without a finding have been adopted in many jurisdictions. See Annot. 4 A.L.R.4th 147 (1981). It has been suggested that such 'pretrial diversion' programs reduce the risk of recidivism for first time offenders, enable a defendant to preserve his community and family ties, and help reduce court backlogs. See A.W. Campbell, Sentencing § 104 (1978); J.S. Williams, Sentencing and Corrections 88-90 (1974)."

c. 94C, § 34 (1994 ed.) (dismissal of case mandated for first offense possession of marihuana, or Class E controlled substance, following successful completion of probation); G. L. c. 111E, § 10 (1994 ed.) (allowing certain drug dependent defendants to have case continued and charges dismissed following successful completion of drug treatment program); G. L. c. 276A, §§ 5 and 7 (1994 ed.) (allowing certain defendants between ages of seventeen and twenty-one years to have cases continued without a finding and eventually dismissed after completion of pretrial programs; judge need only take into consideration opinion of the prosecutor). See also G. L. c. 276, § 87 (1994 ed.) (discussed above, allowing for pretrial probation); G. L. c. 276, § 42A (1994 ed.) (authorizing pretrial probation in charges arising out of troubled family situations). Section 18 does not in effect authorize the entry of an improper nolle prosequi,[8] and the decisions principally relied on by the Commonwealth for that contention do not support it. We conclude that § 18 is a valid exercise of legislative authority and, as a consequence, that the judge's disposition did not infringe on the district attorney's rights as protected by art. 30.[9]

2. When the procedure provided for by § 18 is used, it is important that the record show the reasons for the judge's allowance of the continuance without a finding. This will permit a determination that the judge properly exercised discretion in the best interests of justice. The record in this case is sufficient for us to conclude that the judge did not abuse her authority under § 18. The judge indicated that the defendant chose not to contest the basic facts; that he presented no

---

[8]See *Commonwealth* v. *Thurston*, 419 Mass. 101 (1994) (improper to dismiss valid indictments where interests of public justice did not justify dismissal); *Commonwealth* v. *Pellegrini*, 414 Mass. 402 (1993) (no legal basis demonstrated to justify dismissal of a valid indictment); *Commonwealth* v. *Gordon*, 410 Mass. 498 (1991) (acceptance of a defendant's plea to second degree murder over Commonwealth's objection constituted improper de facto dismissal of a valid indictment charging first degree murder).

[9]When asked about § 18, the Commonwealth suggested that the statute also violated art. 30, and that, as a consequence, the other statutes mentioned in the text might be equally vulnerable to an art. 30 challenge. We find this argument unpersuasive. See *Opinion of the Justices*, 336 Mass. 765, 770 (1957) (setting forth test for constitutionality of statutes authorizing court action).

danger to his nephew or his sister; that he held a responsible job; and that he was amenable to the imposition of specific terms in connection with the continuance. The judge also noted that the victim's mother (defendant's sister) stated that it was unnecessary to incarcerate her brother to deal with the problem that had occurred. Finally, the disposition was not contrary to the "otherwise prohibited by law" provision of § 18.[10]

3. The order continuing the defendant's case for one year on specific conditions under the defendant's tender of a guilty plea is affirmed.

*So ordered.*

---

[10]The sentencing provisions for the crime involved did not call for a minimum mandatory sentence or prohibit the use of a continuance without a finding.