COMMONWEALTH *vs.* KRISTIN PETERSON
(and five companion cases[1]).

No. 99-P-2106.

Plymouth. April 4, 2001. - June 6, 2001.

Present: LAURENCE, GILLERMAN, & DOERFER, JJ.

*Constitutional Law,* Separation of powers. *Practice, Criminal,* Complaint, Dismissal, Appeal, Record.

At a pretrial conference, a District Court judge erred in dismissing criminal complaints in the interests of justice, sua sponte, over the objection of the Commonwealth, where a clear record of the relevant facts had not been established as required by *Commonwealth* v. *Brandano*, 359 Mass. 332, 335-337 (1971), and where there was no other basis upon which to dismiss the complaints at that stage of the proceedings. [782-785]

COMPLAINTS received and sworn to in the Brockton Division of the District Court Department on March 25, 1999.

Entry of judgments dismissing the complaints was ordered by *James F.X. Dinneen*, J.

*Bridget Norton Middleton*, Assistant District Attorney, for the Commonwealth.

*Carlo A. Obligato*, Committee for Public Counsel Services, for Deidre Berry.

*Jason A. Pithie* for Alycia Griffith.

*Theodore F. Riordan* for Sunisa Angelini.

*Dennis M. Powers* for Anna Wojcik.

*David W. Krumsiek* for Kristin Peterson.

*Holly T. Smith*, for Kathleen Berry, submitted a brief.

DOERFER, J. A District Court judge dismissed these complaints[2]

---

[1]The companion cases are against Alycia Griffith, Sunisa Angelini, Anna Wojcik, Deidre Berry, and Kathleen Berry.

[2]Kristin Peterson was charged with assault and battery; Alycia Griffith was charged with assault and battery and assault and battery by means of a danger-

sua sponte at a pretrial conference over the objection of the Commonwealth. We hold this was error because the judge did not follow the procedures set forth in *Commonwealth* v. *Brandano*, 359 Mass. 332, 335-337 (1971), and there was no other legitimate basis upon which to dismiss the complaints at this stage of the proceedings.

*Proceedings in the District Court.* The defendants were high school students who were involved in an altercation that started at school on February 4, 1999. They were arraigned in the Brockton District Court on April 29, 1999, on various charges arising out of the incident. At a May 26, 1999, pretrial conference the judge inquired of counsel about the facts and circumstances of the case. He relied solely upon representations of counsel to learn the facts. No affidavits or police reports were shown or read to him, as far as the record shows. No such items were made part of the record.[3] There was no joint agreement on the facts.

Counsel did agree that Sunisa Angelini and Sheila Kelly got into a fight at school, but there was no agreement as to who started the fight. At some point the altercation may have become mutual combat. The Commonwealth regarded Sheila Kelly as the victim and did not charge her.

A number of other young women were present at the scene of the altercation. The Commonwealth alleged that some of them "piled on," and charged them as defendants. Some of these defendants claimed they were merely trying to break up the fight. The Commonwealth regarded some of the other young women as joint venturers, alleging that they egged on other participants to fight or to continue to fight. The Commonwealth alleged that one defendant, Alycia Griffith, was in a car and

ous weapon, two counts: one by means of a shod foot and one by means of a motor vehicle; Sunisa Angelini was charged with assault and battery; Anna Wojcik was charged with assault and battery; Deidre Berry was charged with assault and battery and assault and battery by means of a dangerous weapon (shod foot), and Kathleen Berry was charged with assault and battery and assault.

[3]The transcript of the audio tape of the hearing was incomplete and inadequate, riddled with many notations of "(inaudible)" and contained many ellipses and obvious errors. From this fog a few aspects of the relevant events emerge.

drove at someone at some point. No one was hurt as a result of any of these actions.

The school authorities investigated the matter with the police and made written reports. The judge declined to look at them, and they were not made part of the record. The school meted out suspensions to the various participants ranging from one to four days.

After hearing these representations the judge stated that further criminal action was not necessary and that he would dismiss the matters. He concluded that, because there were no injuries and the young women had received suspensions from school, the interests of justice would best be served by simply dismissing the complaints. He expressed concern that the young women might suffer disproportionately from having a criminal record. The judge further explained that, although the defendants' criminal records would not reflect a conviction, those records would reveal that they had been charged with certain offenses, and therefore they might need to explain the charges in the event of any future altercations, even though the charges were dismissed. He stated that he did not condone school violence but that, in these circumstances, dismissal was appropriate. He did not base his decision on any claim that the facts established self-defense, nor did he indicate that he thought that the facts stated by the Commonwealth were insufficient to make out the crimes charged.[4]

The assistant district attorney objected to summary dismissal. He pointed out that he had done a careful investigation of the matter and had come up with recommendations proportionate to the individual level of involvement of each defendant, ranging from pretrial probation to continuances without a finding, and, in one case, a suspended sentence. He claimed he would be able

---

[4]Defendant Ann Wojcik had attempted to file a motion to dismiss claiming that she had not been afforded an opportunity to be heard prior to the issuance of a misdemeanor complaint as required by G. L. c. 218, § 35A. The judge declined to hear the motion on the ground that a pretrial conference report had not been filed. She has appealed from this refusal to act. In light of our disposition regarding the dismissal and considering the judge did not rule on Ann Wojcik's motion to dismiss, the motion should be raised again on remand at an appropriate stage of the proceedings to provide the judge an opportunity to rule on its merits.

to prove his case from the testimony of independent witnesses even without the cooperation of the victim.[5]

The judge directed that the defendants fill out only the face of the so-called "green sheets,"[6] relating to the contesting parties' requests for disposition. He specifically did not require any defendant to fill out the back of the form relating to an offer to plead guilty or to otherwise satisfy the requirements of a continuance without a finding as set forth in G. L. c. 278, § 18.[7] See note 11, *infra*.

*Discussion.* "Article 30 provides for a separation of powers among the branches of government, essentially giving the prosecutor broad discretion in deciding whether to prosecute a case. Pretrial dismissal, over the Commonwealth's objection, of a valid complaint or indictment before a verdict, finding, or plea, and without an evidentiary hearing basically quashes or enters a nolle prosequi of the complaint or indictment. A decision to enter a nolle prosequi on a criminal charge rests with the executive branch of the government and, absent a legal basis, cannot be entered over the prosecutor's objection." *Commonwealth* v. *Pyles*, 423 Mass. 717, 719-720 (1996) (citations and quotation marks omitted). A judge may dismiss a complaint over the objection of the Commonwealth only on certain grounds, none of which were present here. See, e.g., *Commonwealth* v. *McCarthy*, 385 Mass. 160, 169 (1982) (indictments challenged); *Commonwealth* v. *Thurston*, 419 Mass. 101, 104 (1994).

The constitutional problem may be avoided if the procedures set forth in *Commonwealth* v. *Brandano*, 359 Mass. 332, 335-337 (1971), are followed. See *Commonwealth* v. *Taylor*, 428 Mass. 623, 629 (1999). But the defendants may not invoke

---

[5]As to one defendant, however, Stacey Standish, the assistant district attorney did consent to the dismissal of charges against her for reasons not set forth in the record. That judgment is, accordingly, not the subject of an appeal.

[6]These are forms promulgated pursuant to Rule 4 of the District/Municipal Court Rules of Criminal Procedure and used to tender a plea under the procedures set forth in G. L. 278, § 18.

[7]Only defendant Sunisa Angelini signed her tender of plea form but the court did not acknowledge this gesture or proceed further to take her plea.

*Brandano* because the procedures set forth in that case were not followed.[8]

Contrary to the defendants' arguments, the hearing that took place was not equivalent to the procedures set forth in *Brandano* and did not serve to excuse the judge from following them. The sparse record did not contain all the relevant acts relating to the incident or to the propriety of an informal disposition of the matters, contrary to the requirement of *Brandano* that a judge's decision to dismiss in the interests of justice be supported by a clear record of the relevant facts. Here there were no affidavits filed by either party, counsel presented the facts orally and informally; and the Commonwealth and the defendants did not agree upon all of the material facts. See *Commonwealth* v. *Thurston*, 419 Mass. at 104. No one introduced into the record any of the detailed reports referred to at the hearing. Counsel did not elaborate on the details of the events or the differences between various accounts of the events. The hearing, although adversary in nature, did not involve testing the assertions made by the parties in any detail. The transcript made from the tape recording of the hearing was, to put it mildly, not the equivalent of a detailed affidavit of relevant facts.

The court said in *Brandano*, 359 Mass. at 337, that the Commonwealth would have a right to appeal a dismissal under G. L. c. 278, § 28E, and test the judge's conclusions that the interests of justice required a dismissal. An appeal can only be conducted on an adequate record. The purpose of requiring affidavits, a hearing and findings is to supply a record from which to review the judge's action, as well as to insure that the judge himself has an adequate supply of facts upon which to exercise his discretion.

---

[8]"When dismissal of a case is proposed by . . . the judge without the consent of the Commonwealth, the defendant shall file an affidavit in support of a dismissal which shall contain all the facts and the law relied upon in justification of a dismissal. The Commonwealth may file a counter affidavit, and, as to matters contained in the affidavits which are in dispute, there shall be a hearing, unless the judge concludes that on the face of the affidavits 'the interests of justice' do not warrant a dismissal. If the judge concludes that the 'interests of public justice' require a dismissal he shall record the findings of fact and the reasons for his decision." *Brandano*, 359 Mass at 337.

Here, we have been deprived of an adequate basis upon which to evaluate the judge's decision that the interests of public justice would be served by a dismissal assuming, as did the court in *Brandano*, that such a dismissal "would not be constitutionally offensive." *Id.* at 337. Furthermore, nothing in *Brandano* suggests that a judge may avoid the specific requirements of affidavits, an adversary hearing and findings by merely holding a nonevidentiary hearing on the record, nor may a judge avoid resolving contested facts.[9]

The judge had an adequate legitimate tool at his disposal to accomplish his objectives in these matters without resorting to summary dismissal.[10] If the defendants were willing, he could have continued the cases, after a plea of guilty, without a finding for a stated period of time and then dismissed the cases over the objection of the Commonwealth at the end of the period without entering a judgment of guilty. General Laws c. 278, § 18, so provides.[11] See *Commonwealth v. Rotonda*, 434 Mass. 211 (2001); *Commonwealth v. Pyles*, 423 Mass. 717, 719-720

---

[9]It would be premature to comment on the sufficiency of the factors to which the judge referred in support of his decision to dismiss the cases. Compare *Commonwealth v. Quispe*, 433 Mass. 508, 512-513 (2001).

[10]In announcing his decision he stated, in obvious frustration, that he was going to "trample on the Commonwealth's rights."

[11]Section 18 of G. L. c. 278 reads in pertinent part:

"A defendant who is before the . . . district court . . . on a criminal offense within the court's final jurisdiction shall plead not guilty or guilty, or with the consent of the court, nolo contendere. Such a plea of guilty shall be submitted by the defendant and acted upon by the court; provided, however, that a defendant with whom the commonwealth cannot reach agreement for a recommended disposition shall be allowed to tender a plea of guilty together with a request for a specific disposition. Such a request may include any disposition or dispositional terms within the court's jurisdiction, including, unless otherwise prohibited by law, a dispositional request that a guilty finding not be entered but rather the case be continued without a finding to a specific date thereupon to be dismissed, such continuance conditioned upon compliance with specific terms and conditions or that the defendant be placed on probation pursuant to the provisions of [G. L. c. 276, § 87]. If such a plea, with an agreed upon recommendation or with a dispositional request by the defendant, is tendered, the court shall inform the defendant that it will not impose a disposition that exceeds the terms of the agreed upon recommendation or the dispositional request by the defendant, whichever is applicable, without giving the defendant the right to withdraw the plea.

"If a defendant, notwithstanding the requirements set forth hereinbefore, attempts to enter a plea or statement consisting of an admission of facts suf-

(1996). Compare *Commonwealth* v. *Quispe*, 433 Mass. 508, 511 (2001) (G. L. c. 90, § 24[1][*a*][1], does not permit a judge to dismiss a case of driving while under the influence of intoxicating liquor without following the procedures set forth in that statute).

The judge followed a procedure that did not conform to the requirements of G. L. c. 278, § 18, and thus did not avoid exercising the powers of the executive. See *Commonwealth* v. *Pyles*, *supra*; *Commonwealth* v. *Rotonda*, *supra*. He did not comply with the requirement of the statute that a defendant plead guilty. Nor did he impose a continuance of the case to a specific date "thereupon to be dismissed, such continuance conditioned upon compliance with specific terms and conditions or that the defendant be placed on probation pursuant to the provisions of" G. L. c. 276, § 87. See *Commonwealth* v. *Rotonda*, *supra*. Immediate dismissal of these complaints was not authorized by the statute, even if the defendants had pleaded guilty.

The judgments of dismissal must be reversed and the complaints reinstated.

*So ordered.*

---

ficient for a finding of guilt, or some similar statement, such admission shall be deemed a tender of a plea of guilty for purposes of the procedures set forth in this section."