## Commonwealth *vs.* Susan Sattelmair.

No. 01-P-420.

Plymouth. March 8, 2002. - July 9, 2002.

Present: Armstrong, C.J., Kaplan, & McHugh, JJ.

*Practice, Criminal,* Dismissal. *Constitutional Law,* Separation of powers.

A District Court judge erred in dismissing a criminal complaint charging the defendant with assault and battery on the ground that continuing prosecution would be inconsistent with the interests of public justice, where the judge did not follow the procedures set out in *Commonwealth* v. *Brandano*, 359 Mass. 332 (1971), in that the defendant's affidavit was signed by counsel, not by "a person with personal knowledge of the factual basis of the motion," and the Commonwealth filed no affidavit at all, and where dismissal of the complaint on the record before the judge was in any event inappropriate. [386-389]

COMPLAINT received and sworn to in the Wareham Division of the District Court Department on March 28, 2000.

A motion for pretrial probation was heard by *W. James O'Neill*, J., and the complaint was dismissed by him.

*Robert C. Thompson*, Assistant District Attorney, for the Commonwealth.

*Dana Alan Curhan* for the defendant.

McHugh, J. Over the Commonwealth's objection, a judge of the District Court dismissed a complaint charging the defendant with assault and battery on the ground that continuing the prosecution would be inconsistent with the interests of public justice. On appeal, the Commonwealth argues, first, that dismissal was inappropriate because *Commonwealth* v. *Brandano*, 359 Mass. 332 (1971), the decision under which the judge purported to act, amounts to an unconstitutional usurpation of power reserved exclusively to the executive branch; second, that the judge did not follow the procedures set out in *Bran-*

*dano*; and third, that dismissal of this complaint on the record before the judge was in any event inappropriate. We agree with the Commonwealth's second and third contentions and therefore reverse.

The case springs from the following circumstances. In April, 2000, the defendant was arraigned on a two-count complaint charging her with assault and battery on Robin Crowley and Taylor Crowley, Robin's eleven year old daughter. In September, the defendant filed a motion for pretrial probation under G. L. c. 276, § 87, accompanied by an affidavit signed by her attorney stating that the Crowleys and the defendant belonged to a religious organization known as the Church of Rochester (Church), that the alleged assault and batteries were "mock demonstrations," and that the Crowleys consented to whatever touchings the alleged crimes involved.

The dismissal motion came on for a hearing two months later in November of 2000. Although the Commonwealth had filed no responsive affidavit, the assistant district attorney (ADA) handling the matter, at the judge's invitation, orally recited the principal components of the Commonwealth's case. In that recitation, the ADA agreed that the defendant and the Crowleys were both involved with the Church. Among other things, the Church provided schooling for young Church members at the defendant's home. Taylor, a student at the school, telephoned her mother one day in tears. After repeated attempts to understand Taylor through her tears proved unsuccessful, Mrs. Crowley spoke with the defendant who told her to come to the school immediately.

Heeding the defendant's command, Mrs. Crowley went to the school and sought out the defendant. The defendant took her and Taylor into a bedroom where, according to the ADA, the defendant "proceeded to start yelling and screaming at [Mrs. Crowley] for lying and being deceitful. [The defendant] also slapped her across the face, punched her in the stomach, and struck her several times with her hand on her back, neck, stomach, and head. [The blows resulted in physical injuries observed by others.] [T]he defendant then turned to Taylor . . . and stated you're just like your mother and slapped [her] across the face." In response to the judge's inquiry about whether the

Crowleys had consented to the touchings, the ADA told the judge that Mrs. Crowley agreed that "part of the penance of the Church [involves] slapping incidents when somebody does something wrong and you asked to be slapped. On the date in question Mrs. Crowley stated that she did not ask to be slapped. She did not consent and neither did her daughter."

Through counsel, the defendant then described the essence of her defense, the principal component of which rested on an assertion that whatever happened on the day in question was something to which the Crowleys had agreed as part of the religious compact they and the defendant shared. As defense counsel's recitation was proceeding, the trial judge interrupted to state that "[i]f you're going to suggest to the Court that the use of force, corporal punishment, even by consent is recognized under the law, it's not. There are reasons why this case can be resolved, but it cannot be resolved along the lines of the Court endorsing this behavior regardless, and I don't mean to tread on the beliefs of your client or anything else. What I'm suggesting is that law does not recognize the right to use that sort of force against people who don't consent to it."

The judge went on to say, however, that he was aware of the defendant's lack of a prior criminal record and opined that the entire incident would be better resolved on the civil side of the court. He then said that because the defendant had no prior record, because there were no disputes of fact in the case, and because the Crowleys were no longer involved with the Church,[1] he was going to place the defendant on unsupervised probation for three months and dismiss the case at the end of that period if she had no further involvement with the law.

The defendant in fact had no further involvement with the law and the complaint was dismissed after three months. The Commonwealth, which had objected to the court's disposition at the end of the November hearing, filed a written objection just before the dismissal actually was entered and promptly thereafter took this appeal.

Turning from facts to the applicable legal framework, the

---

[1]While not explicit, the record suggests that the Crowleys left the Church sometime after the incident in question. The Commonwealth does not contend otherwise.

Supreme Judicial Court in *Commonwealth* v. *Brandano* described the procedure trial courts must follow before dismissing a case over the Commonwealth's objection on grounds that dismissal accords with notions of "public justice." *Brandano, supra* at 337. The *Brandano* procedure requires the defendant to file an affidavit containing "all the facts and the law relied upon in justification of a dismissal." *Ibid.* The Commonwealth then has an opportunity to file a counter affidavit. *Ibid.* Upon receipt of the affidavits, the court is to hold a hearing regarding disputed matters revealed by the affidavits unless the judge concludes that the affidavits on their face show that dismissal is unwarranted. *Ibid.* After the hearing, if the judge concludes that the dismissal is in the "interests of public justice," the judge must "record" his or her findings of fact accompanied by the reasons for the dismissal decision. *Ibid.* From that decision, the Commonwealth has the right to appeal. *Ibid.* See Mass.R.Crim.P. 15(a), as appearing in 422 Mass. 1501 (1996).

Use of the *Brandano* procedures to dismiss a criminal case implicates the separation of powers prescribed by art. 30 of the Massachusetts Declaration of Rights. See *Brandano, supra* at 334-336; *Commonwealth* v. *Gordon,* 410 Mass. 498, 500 (1991); *Commonwealth* v. *Vascovitch,* 40 Mass. App. Ct. 62, 63 (1996). For that reason alone, strict compliance with the required procedures is essential. See *Commonwealth* v. *Peterson,* 51 Mass. App. Ct. 779, 783-784 (2001). Those procedures were designed both to provide a reviewing court with a precise and focused record of the basis for the trial judge's decision to dismiss the case, see *Commonwealth* v. *Pyles,* 423 Mass. 717, 723 (1996), and as an antidote to the potential for public suspicion that the administration of the criminal law is "being conducted on the footing of special favors." *Brandano, supra* at 336-337, quoting from *Attorney Gen.* v. *Tufts,* 239 Mass. 458, 514 (1921).

Those procedures were not followed here. The defendant's affidavit was signed by counsel, not by "a person with personal knowledge of the factual basis of the motion." Mass.R.Crim.P. 13(a)(2), 378 Mass. 871 (1979). The Commonwealth filed no affidavit at all, relying instead on an oral presentation by the ADA. Compare *Commonwealth* v. *Peterson,* 51 Mass. App. Ct.

at 783-784. Although that exchange produced counsels' agreement as to the environment in which the incident occurred, it also showed that the Commonwealth and the defendant had markedly different positions on the question of consent[2] as well as on the question of precisely what had happened.[3] Nevertheless, without taking evidence, the judge found that no facts were in dispute and used the absence of a factual dispute as one of three bases for dismissing the case.[4] The other two — that the defendant had no prior criminal record and likely would not be involved again with the complaining witnesses — are equally applicable to a broad range of cases brought daily in the District Court and furnish no basis for concluding that dismissal would serve "the interests of public justice." They amount instead to judicial disagreement with the Commonwealth's election to prosecute, a disagreement that forms no permissible basis for judicial action. See *Commonwealth* v. *Gordon,* 410 Mass. at 500-501; *Commonwealth* v. *Thurston,* 419 Mass. 101, 105 (1994).

In the last analysis and as is so often the case, a flawed procedure produced an untenable result. The judgments of dismissal must be vacated and the case returned to the District

---

[2]As the judge recognized, the dispute over consent may well have been irrelevant to the case's outcome. See *Commonwealth* v. *Appleby,* 380 Mass. 296, 311 (1980); *Commonwealth* v. *Burke,* 390 Mass. 480, 482-483 (1983).

[3]A hearing followed by findings likely would have demonstrated in stark terms the differences between the Commonwealth's position and that of the defendant. Moreover, if the hearing supported the ADA's claims as to the nature of her expected proof — essentially that, for whatever reason, the defendant had slapped, punched and struck a mother in front of her young daughter and then, accusing the daughter of being "just like her mother," slapped the daughter across the face in her mother's presence — dismissal of the prosecution would hardly be consistent with the interests of public justice, however defined.

[4]It does not appear that the judge meant to imply that the Commonwealth's evidence, viewed in the light most favorable to it, was insufficient to support the Commonwealth's case. Dismissal for that reason is never appropriate unless the Commonwealth has agreed to test the sufficiency of its evidence through use of the *Brandano* procedure. See *Commonwealth* v. *Clark,* 393 Mass. 361, 365 (1984); *Commonwealth* v. *L.A.L. Corp.,* 400 Mass. 737, 738-739 (1987); *Commonwealth* v. *Black,* 403 Mass. 675, 677-678 (1989). The Commonwealth made no such agreement here.

Court for further proceedings consistent with the ordinary course of criminal proceedings.[5]

*So ordered.*

---

[5]We have analyzed and resolved this case within the framework the parties created. Wholly omitted from that framework, and thus from our decision, is any analysis of the impact of G. L. c. 278, § 18, as amended by St. 1992, c. 379, § 193. In pertinent part, that statute says,

> "a defendant with whom the commonwealth cannot reach agreement for a recommended disposition shall be allowed to tender a plea of guilty together with a request for a specific disposition. Such request may include any disposition or dispositional terms within the court's jurisdiction, including, unless otherwise prohibited by law, a dispositional request that a guilty finding not be entered, but rather the case be continued without a finding to a specific date thereupon to be dismissed, such continuance conditioned upon compliance with specific terms and conditions or that the defendant be placed on probation . . . ."

The constitutional soundness of the statutory procedure is free from doubt, see *Commonwealth* v. *Pyles*, 423 Mass. at 722-723, and that procedure may leave no room for *Brandano* in the area it occupies. See generally *Commonwealth* v. *Rotonda*, 434 Mass. 211, 218 n.9 (2001); *Commonwealth* v. *Peterson*, 51 Mass. App. Ct. at 784-785. See also *Commonwealth* v. *Quispe*, 433 Mass. 508, 511-512 (2001). If so, the result in this case is the same, for the defendant tendered no guilty plea with her request for a continuance without a finding.