832         59 Mass. App. Ct. 832 (2003)

Commonwealth v. Barnes-Miller.

COMMONWEALTH vs. VIRGINIA S. BARNES-MILLER.

No. 02-P-1301.

Plymouth. September 4, 2003. - November 5, 2003.

Present: PERRETTA, BROWN, & LAURENCE, JJ.

*Constitutional Law,* Self-incrimination. *Practice, Criminal,* Dismissal, Access to witnesses. *Witness,* Refusal to testify, Self-incrimination.

A District Court judge erred in dismissing a criminal complaint on the ground that the complaining witness had made herself unavailable to counsel by invoking her privilege under the Fifth Amendment to the United States Constitution against self-incrimination in refusing to answer relevant questions in a deposition in a civil matter, where the judge made no findings of fact concerning the witness's present intention to waive her Fifth Amendment privilege at the trial on her complaint against the defendant. [833-835]

COMPLAINT received and sworn to in the Wareham Division of the District Court Department on October 30, 2001.

A motion to dismiss was heard by *W. James O'Neill,* J.

*Thomas J. Flanagan, Jr.,* Assistant District Attorney, for the Commonwealth.

*Margaret D. Xifaras* for the defendant.

PERRETTA, J. Because the complainant had invoked her privilege under the Fifth Amendment to the United States Constitution against self-incrimination in response to questions put to her at a deposition conducted during divorce proceedings between the defendant and the defendant's husband, the judge dismissed her complaint charging the defendant with making annoying telephone calls. See G. L. c. 269, § 14A. On the Commonwealth's appeal, we reverse the order of dismissal.

1. *The facts.* The telephone calls which prompted the criminal complaint arose in the context of allegations that the defendant (the wife) was or had been calling the home of the complainant with whom the wife's husband was having a relationship. Dur-

ing divorce proceedings, the wife deposed the complainant. At that deposition, the complainant repeatedly responded to questions by asserting her Fifth Amendment privilege. The complainant's responses prompted defense counsel to move to dismiss the criminal complaint because the complainant had made herself "totally unavailable" to the defense. In ruling on the defendant's motion, the judge had the transcript of the deposition before him. Thereafter, the Commonwealth brought a "motion to vacate" the dismissal. At the hearing on the Commonwealth's motion, the judge stated that his decision to dismiss the complaint was based upon the fact that the complainant had chosen "to make herself unavailable to counsel by refusing to answer relevant questions." The prosecutor represented to the judge that he had spoken with the complainant and that she had informed him that she fully intended to testify at the trial on her complaint. The judge denied the Commonwealth's motion stating that the complainant's intention was irrelevant: "It doesn't make any difference whether she is available for trial now or not. She chose on that time, date, and place [the deposition] to take the Fifth Amendment."

2. *Discussion.* There is no dispute before us concerning the validity of the complainant's reliance upon her Fifth Amendment privilege during the deposition conducted pursuant to the defendant's divorce action. Indeed, the defendant's argument is based on the validity of the claim of privilege during those proceedings and G. L. c. 258B, § 3(*m*). That statute reads, in pertinent part as follows:

> "To provide victims a meaningful role in the criminal justice system, victims and witnesses of crime . . . shall be afforded the following basic and fundamental rights, to the greatest extent possible . . . (*m*) . . . to be informed of the right to submit to or decline an interview by defense counsel or anyone acting on the defendant's behalf, *except when responding to lawful process,* and if the victim or witness decides to submit to an interview, the right to impose reasonable conditions on the conduct of the interview" (emphasis supplied).

The defendant argues that, because the complainant elected to invoke her Fifth Amendment privilege when she appeared at the

deposition in response to "lawful process," she made herself an unavailable witness at any trial on her criminal complaint. Consequently, the complaint was properly dismissed in accordance with the procedure set out in *Commonwealth* v. *Brandano*, 359 Mass. 332, 337 (1971). See *Commonwealth* v. *Sattelmair*, 55 Mass. App. Ct. 384, 386 (2002).

We have been presented with, and know of, no authority, decisional or statutory, to support the notion that a validly asserted claim of the Fifth Amendment privilege is forever binding and cannot be subsequently waived.[1] Although the complainant's reliance on her Fifth Amendment privilege during her deposition made her unavailable in that proceeding, *Commonwealth* v. *Hesketh*, 386 Mass. 153, 158 n.4 (1982), there is nothing in G. L. c. 258B, § 3(*m*), that supports the claim that she became, as matter of law, an "unavailable" witness in all other proceedings involving the same or related facts. Rather, § 3(*m*) simply provides that when a witness is served with lawful process, the witness cannot refuse to appear and be questioned. The complainant complied with the statute; she appeared at the deposition and responded to questions with her claim of privilege. Nor is there anything in § 3(*m*) which states or even suggests that the complainant's reliance on her Fifth Amendment privilege at the deposition precluded the defendant from thereafter seeking to speak with her about the criminal proceedings. Any assumption by the defendant that the complainant might decline such an interview is irrelevant.[2]

That the judge ostensibly followed the procedure set out in *Commonwealth* v. *Brandano*, 359 Mass. at 337, does not change our conclusion that he was in error in dismissing the complaint on the stated basis that the complainant had asserted her Fifth Amendment privilege at the deposition. Whether she intended

---

[1]Whether a witness's answers to questions precludes a subsequent claim of privilege is not at issue before us.

[2]Apart from her claim of privilege at the deposition, the complainant was under no obligation to speak with defense counsel about the criminal proceedings. See *Commonwealth* v. *Rivera*, 424 Mass. 266, 271 (1997), cert. denied, 525 U.S. 934 (1998); *Commonwealth* v. *Beal*, 429 Mass. 530, 534 (1999). The defendant does not argue that the Commonwealth somehow played a role in the complainant's assertion of her Fifth Amendment privilege during her deposition or otherwise hindered access to the complainant. See *Commonwealth* v. *Rivera, supra.*

to waive her privilege and testify was not a matter to be determined on the basis of her deposition or the representations of the prosecutor. As just noted, the complainant was free to waive her Fifth Amendment privilege and testify during the proceedings on her criminal complaint, albeit with potentially adverse consequences, or to stand on her privileged right of refusal to testify and run the risk of a required finding of not guilty on her criminal complaint. In either event, the judge was in error in dismissing the complaint on the sole basis of the complainant's past invocation of her Fifth Amendment privilege without any findings of fact concerning her present intention to waive that privilege at the trial on her complaint against the defendant. See *ibid.*

It follows from we have said that the order dismissing the complaint is reversed, and the complaint is to be reinstated.

*So ordered.*