COMMONWEALTH *vs.* DOMINGOS GOMES.

Hampden. November 9, 1994. - March 8, 1995.

Present: LIACOS, C.J., ABRAMS, NOLAN, O'CONNOR, & GREANEY, JJ.

*Practice, Criminal,* Finding of guilty, Verdict, Continuance without a find-
ing. *Judge. Moot Question. Words,* "Conviction."

Where a District Court judge had found the defendant guilty of assault
and battery after a jury-waived trial and had so stated in open court,
the finding was final and irrevocable except through appeal or a motion
for a new trial; the judge erred in revoking the finding, at the defend-
ant's request and over the objection of the prosecutor, during the sen-
tencing hearing, and in continuing the matter without a finding. [632-
634]

COMPLAINT received and sworn to in the Palmer Division
of the District Court Department on December 24, 1991.

On transfer to the jury session of the Springfield Division,
the case was heard by *Bertha D. Josephson,* J.

The Supreme Judicial Court on its own initiative trans-
ferred the case from the Appeals Court.

*Judy Zeprun Kalman,* Assistant District Attorney, for the
Commonwealth.

LIACOS, C.J. A complaint was entered in the Palmer Dis-
trict Court charging the defendant, Domingos Gomes, with
assault and battery. The defendant waived his right to a jury
trial and was tried before a judge in the Springfield District
Court on November 4 and 5, 1992. At issue in this appeal by
the Commonwealth[1] is the validity of the trial judge's order
continuing the defendant's case without a finding. This order
was entered at the request of the defendant, over the objec-

---

[1]The defendant did not file a brief or otherwise participate in this
appeal.

tion of the prosecutor, after the judge had already found the defendant guilty of the crime charged. At the conclusion of the closing arguments, the following exchange took place between the court, the prosecutor, and defense counsel: THE JUDGE: "After hearing evidence . . . I find [the defendant] guilty of the offense of assault and battery. . . . And I will hear you on sentencing." THE PROSECUTOR: "Thank you Your Honor. With respect to [the defendant], the Commonwealth would ask for one-year probation with the reason for that being that he has no prior record . . . ." DEFENSE COUNSEL: "Your Honor I would ask that you continue . . . for a period of time . . . the Court based on the fact that there is no prior record . . . ." THE JUDGE: "So you're asking me to find facts sufficient?" DEFENSE COUNSEL: "Yes." THE PROSECUTOR: "Your Honor the Commonwealth strenuously objects. I think Your Honor has found him guilty already. I would ask that a guilty finding be entered . . . ." THE JUDGE: "Alright [sic], over the objection of the Commonwealth I am going to find that there are facts sufficient. I am going to continue it for a period of six months without entering a finding of guilty. [The defendant] will be on probation during that period of time, it will be unsupervised . . . ."

On August 18, 1993, the defendant's case was brought forward, without notice to the Commonwealth, by the probation department and dismissed.[2] The Commonwealth appealed

---

[2]The defendant having served the sentence imposed, the Commonwealth conceded at oral argument that the case is now moot. However, it is within our discretion to discuss a case regardless of its mootness. *Lockhart* v. *Attorney Gen.*, 390 Mass. 780, 782 (1984). We exercise that discretion in this case because the issue before us is one of significant public importance and there is apparently some uncertainty about it. *Wellesley College* v. *Attorney Gen.*, 313 Mass. 722, 731 (1943). Moreover, the issue is clearly "capable of repetition, yet evading review." *Wolf* v. *Commissioner of Pub. Welfare*, 367 Mass. 293, 298 & n.7 (1975), quoting *Southern Pac. Terminal Co.* v. *ICC*, 219 U.S. 498, 515 (1911). See *O'Sullivan* v. *Secretary of Human Servs.*, 402 Mass. 190, 192-193 (1988); *Lockhart* v. *Attorney Gen.*, *supra* at 782-784, and cases cited.

from the order of dismissal.[3] We transferred the case to this court on our own motion.

We agree with the Commonwealth that the judge erred when she revoked her finding of guilty at the suggestion of defense counsel and over the Commonwealth's objection. The question before us is when does a finding of guilty, made by a judge at a jury-waived trial, become final. It appears that this issue has never before been addressed directly in this Commonwealth. However, we have examined precedent which, in addressing situations analogous to the instant case, guides us toward our conclusion that, once declared in open court, the finding is final and irrevocable except through appeal or motion for a new trial. See *Forcier* v. *Hopkins*, 329 Mass. 668, 670 (1953); *Commonwealth* v. *Lockwood*, 109 Mass. 323, 325 (1872); *United States* v. *Hines*, 802 F. Supp. 559, 571 (D. Mass. 1992) ("Under Massachusetts law, a 'conviction' is an adjudication of guilt either by way of the entry of a formal guilty plea or an admission to sufficient facts or after a finding of guilt by jury verdict"). See also *Commonwealth* v. *Powers*, 21 Mass. App. Ct. 570, 574 (1986), quoting *A Juvenile* v. *Commonwealth,* 392 Mass. 52, 56-57 (1984) ("The only verdict which can be received and regarded, as a complete and valid verdict of a jury, upon which a judgment can be rendered, is an open and public verdict, given in and assented to, in open court . . . and affirmed and entered of record, in the presence and under the sanction of the court"). Cf. *Commmonwealth* v. *Green*, 302 Mass. 547, 557 (1939).

Standard 8:00 of the Standards of Judicial Practice, Sentencing and Other Dispositions of the District Court Department of the Trial Court (Sept. 1984), addresses the issue of the finality of verdicts. The standard includes the statement: "A finding of guilty cannot be revoked." The Commentary to Standard 8:00 states that: "The judge may revise or revoke

---

[3]See G. L. c. 278, § 28E (1992 ed.); *Commonwealth* v. *Brusgulis*, 398 Mass. 325, 326 n.1 (1986), and cases cited; *Commonwealth* v. *Anderson*, 24 Mass. App. Ct. 959 (1987).

the sentence originally imposed, but the finding of guilty must stand."

In *Commonwealth* v. *LeRoy*, 376 Mass. 243 (1978), the defendant was convicted by a jury of operating a motor vehicle while under the influence of intoxicating liquor. The law provided that on conviction of the offense the defendant's license was to be revoked. In an effort to avoid the loss of his license, the defendant moved for alternative disposition under G. L. c. 90, § 24E, which provided that, if the defendant's case was continued without a finding, he would not automatically lose his license. The defendant's motion was denied by the District Court judge and we affirmed the decision. "The jury verdict of guilty satisfied this definition of 'conviction' and [therefore] required revocation of the defendant's license." *Id.* at 245. We concluded that "after a jury verdict, trial judges are powerless to alter that verdict except by a motion for a new trial or by a motion for a directed verdict of not guilty." *Id.* at 247.

We believe our holding in *LeRoy* should be applied to instances where the defendant has chosen to waive his or her right to a jury trial and has elected a bench trial. In the case at bar, the judge announced her finding of guilty in open court and then moved to the sentencing stage by asking for the prosecution's sentencing recommendation. When the judge declared her finding in open court, absent some indication of mistake or of extraordinary circumstance,[4] see *Commonwealth* v. *Nettis*, 418 Mass. 715 (1994), such a finding was the equivalent of a jury's verdict of guilty. Once that was done, the finding could not be altered by the judge. The judge's efforts to do this, at the defendant's request and over the objection of the prosecutor, were error. We believe this principle is consistent with those enunciated in *Commonwealth* v. *Brandano*, 359 Mass. 332 (1971). See, e.g., *Commonwealth* v. *Pellegrini*, 414 Mass. 402, 404-406 (1993);

---

[4] There is nothing in this record to indicate a mistake or extraordinary circumstances.

*Commonwealth* v. *Gordon*, 410 Mass. 498, 500-501 (1991).
See also *Commonwealth* v. *Duquette*, 386 Mass. 834 (1982).
The case being moot, the appeal is dismissed.

*So ordered.*