COMMONWEALTH vs. SHERRI A. NORRELL.

Hampden. September 10, 1996. - November 8, 1996.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, & FRIED, JJ.

*Practice, Criminal,* Continuance without a finding, Finding of guilty. *Judge.*

A District Court judge is without authority to continue a criminal case
without a finding over the Commonwealth's objection after a bench
trial: the court announced that, henceforth, such a disposition may not
be imposed. [726-730]

COMPLAINT received and sworn to in the Springfield Divi-
sion of the District Court Department on June 20, 1994.

The case was heard by *Herbert H. Hodos,* J.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Judy Zeprun Kalman,* Special Assistant District Attorney,
for the Commonwealth.

*Kenneth I. Seiger* for the defendant.

*Donald S. Bronstein & William C. Newman* for Committee
for Public Counsel Services & another, amici curiae, submit-
ted a brief.

GREANEY, J. The defendant was charged by a complaint in
a District Court with being a disorderly person in violation of
G. L. c. 272, § 53 (1994 ed.). The charge stemmed from an
altercation at a "rock concert" that allegedly involved the de-
fendant in a confrontation with two police officers and others.
The defendant waived her right to a trial by jury, and the
case was tried before a judge. Two police officers testified for
the Commonwealth, and the defendant and another witness
testified for the defense. At the conclusion of the evidence
and closing arguments, the judge stated the following: "After
considering the evidence I'm going to find that [the] facts are
sufficient to find [the defendant] guilty. I'll hear the Com-
monwealth on disposition." The district attorney asked that a
guilty finding be formally entered, and that the defendant be

sentenced to a six month period of probation. Trial counsel for the defendant next addressed the judge on disposition. He stated that there had been considerable "negotiation" in the case, and that the defendant had made "a difficult choice to go to trial because she was aware that it was possible that she could be guilty." Trial counsel proceeded to indicate that the defendant "honest[ly] believe[d] she wasn't [guilty]," and he outlined for the judge circumstances that, in the defendant's opinion, warranted continuance of the case without the entry of a guilty finding. The judge responded by stating that "[e]ven though [the defendant has] put the Commonwealth to the test of trial, I am going to give her a continuance with [*sic*] a finding." The prosecutor objected, expressing his opinion that the judge had already pronounced a finding of guilty. The judge then stated that "there were findings that would sustain a guilty finding, [but] I didn't actually state that [I had found] her guilty." The judge closed the trial by ordering that the case be continued without a finding for a period of one year.[1]

The Commonwealth filed a notice of appeal from this disposition. We transferred the case to this court from the Appeals Court on our motion.[2] The Commonwealth argues that the judge's action, in continuing the case for one year after a full bench trial and over the Commonwealth's objection, "deprived the Commonwealth of its right to the entry of the judgment of the defendant's guilt in violation" of art. 30 of the Massachusetts Declaration of Rights. We need not address the Commonwealth's art. 30 argument because we conclude that the practice of continuing a case without a finding, over the Commonwealth's objection after a bench trial, is not authorized. We also conclude, in the interest of fairness, that this holding should be applied prospectively.

At the conclusion of a trial, the usual practice is for a trier of fact, jury or judge, to return a verdict, or to make a find-

---

[1]The judge subsequently filed a document called a "Dispositional Memorandum" in which he stated his reasons for granting the defendant a continuance without a finding.

[2]We treat the Commonwealth's appeal as one taken under G. L. c. 278, § 28E (1994 ed.). See *Commonwealth* v. *Gomes,* 419 Mass. 630, 632 n.3 (1995). Subsequent to the Commonwealth's appeal, the judge allowed the Commonwealth's "motion for stay of [one-year] probationary period pending appeal." This motion appears to have been allowed, so a claim of mootness could not be made.

ing, that the defendant is either guilty of the offense charged, guilty of a lesser included offense, or not guilty. This practice is called for by Mass. R. Crim. P. 28 (a), 378 Mass. 898 (1979), which reads as follows: "If [a] defendant has been determined to be guilty, a verdict or finding of guilty shall be rendered, or if he has been determined to be not guilty, a verdict or finding of not guilty shall be rendered, in open court, and shall be entered on the court's docket." The practice in a criminal bench trial of withholding a finding of guilty (where the prosecution has proved the defendant's guilt) and continuing the case for a fixed period of time, eventually to be dismissed (based on finding that sufficient facts to establish guilt have been shown) apparently has crept into the culture to justify a result that falls somewhere between guilt and complete innocence. Part of the disposition (finding of sufficient facts) suggests the defendant's guilt, while the remaining part (continuance without formal finding of guilt for eventual dismissal) allows the defendant to have the entire slate wiped clean if there is compliance with any terms imposed in connection with the continuance and no other criminal misconduct. The disposition might aptly be described as making the criminal charge "evanescent" — here today, but gone in the future.[3]

The disposition is not permitted when it is made, over the Commonwealth's objection, after a bench trial such as occurred here.[4] As has been mentioned, Mass. R. Crim. P. 28 (a) makes no provision after a bench trial for disposition by means of a continuance without a finding, calling instead for a finding of guilty or not guilty.[5] This requirement is consistent with the authorized verdicts of a jury of six. A jury can-

---

[3]The disposition is not the equivalent of an improper nolle prosequi. "A *nolle prosequi* is formal expression of a determination on the part of the Attorney General or the district attorney that he will not further prosecute the whole or a separable part of a criminal proceeding." *Commonwealth* v. *Dascalakis*, 246 Mass. 12, 19 (1923). Under the disposition, the prosecuting officer has retained the right to prosecute the case to completion and the case has not terminated because of any decision on the part of the prosecuting officer not to prosecute.

[4]The practice apparently does not occur frequently in the Superior Court where, if any pretrial dismissal of an indictment is to be made (other than on legal grounds), it is made under the procedure outlined in *Commonwealth* v. *Brandano*, 359 Mass. 332, 337 (1971).

[5]The defendant's option to admit to sufficient facts to warrant a finding of guilt and to be sentenced on the basis of such an admission is provided

not return a verdict in a criminal trial other than one of guilt or innocence, and, of course, a judge instructing a jury could not suggest to them that a finding of sufficient facts (as a basis for a continuance) is a permissible option. See *Commonwealth* v. *LeRoy*, 376 Mass. 243, 244-245 (1978) (judge cannot consider defendant's request to continue an operating while under the influence charge without a finding after a jury have found the defendant guilty of the offense). Cf. *Commonwealth* v. *Gomes*, 419 Mass. 630, 632-633 (1995) (judge who has found a defendant guilty cannot revoke the finding in order to continue the case without a finding over the prosecutor's objection). A continuance without a finding after a bench trial, therefore, creates an anomaly with respect to the explicit provisions of rule 28 (a).

The disposition is also not expressly authorized for general use by any statute. The statute that directly addresses the subject of a continuance without a finding is G. L. c. 278, § 18 (1994 ed.), which was discussed in *Commonwealth* v. *Pyles*, *ante* 717 (1996). That statute provides only for a continuance as a method of *pretrial* diversion. Indeed, G. L. c. 276, § 87 (1994 ed.), which is used as the basis for probation in connection with a pretrial continuance under G. L. c. 278, § 18, differentiates between pretrial probation (allowed in the circumstances provided by G. L. c. 278, § 18), and posttrial probation, which can occur "in any case after a finding or verdict of guilty."[6]

Further, the decisions in *Commonwealth* v. *Brandano*, 359 Mass. 332 (1971), and *Commonwealth* v. *Duquette*, 386 Mass. 834 (1982), cannot be read as justifying posttrial disposition by means of a continuance without a finding. The *Brandano* decision establishes a carefully delineated *pretrial* procedure

for in Mass. R. Crim. P. 12 (a)(3), 378 Mass. 866 (1979) (authorizing an admission), and Mass. R. Crim. P. 28 (b), 378 Mass. 898 (1979) (sentencing after an admission). These rules pertain only to an admission made by a defendant prior to a trial.

[6]There are numerous statutes where the Legislature has expressly provided that a continuance without a finding cannot be used to dispose of the charge. Many of these statutes concern motor vehicle offenses, several involve violations of the controlled substances law, and others deal with various crimes. The statutes need not be listed here. We do not consider these statutes as expressing a legislative approval of the continuance without a finding practice after a bench trial. The statutes may very well be keyed into the "unless otherwise prohibited by law" language in G. L. c. 278, § 18, providing for pretrial diversion.

for the dismissal of criminal charges, a procedure aimed at avoiding any art. 30 tensions between the powers of the judiciary and the powers of the executive branch. *Id.* at 337. The *Duquette* decision approved the use of a continuance without a finding as a *pretrial* diversion technique in the then-existing context of the two-tier trial de novo system in the District Court and Boston Municipal Court Departments. *Id.* at 843.

The authority for imposing a continuance without a finding after a bench trial appears to derive solely from standard 3:01 of the Standards of Judicial Practice, Sentencing and Other Dispositions of the District Court Department of the Trial Court (Sept. 1984). This provision states that: "A judge may continue a case without a finding either after an admission of sufficient facts by the defendant or *after a trial has been held*" (emphasis added). Standard 3:01 was apparently enacted in connection with the *Duquette* decision, which, as has been noted, dealt only with pretrial diversion in a now obsolete two-tier system. The standards as a whole are designed to assist in the implementation of existing criminal statutes and rules with respect to sentencing and other dispositional proceedings. In this aspect, they principally constitute a field guide or practice manual for judges, clerk-magistrates, and probation officers by providing forms and advice concerning sentencing and postsentencing matters. They are not intended to create a new form of criminal disposition that can be utilized beyond the boundaries of existing rules and statutes. We do not consider Standard 3:01 as a sufficient foundation to justify a continuance without a finding after a bench trial has been held. We conclude, therefore, that the disposition was not authorized in this case.[7]

We recognize that the disposition has obvious benefits for a defendant who can wait until the conclusion of a trial and seek the disposition before the judge has made a formal finding of guilt. The disposition, however, imposes significant burdens on the Commonwealth, which must expend limited resources in marshaling and presenting witnesses and evidence at a formal trial, and it does little, if anything, to promote judicial economy. The pretrial stage is the appropri-

[7] We are not concerned with the validity of a posttrial disposition by continuance without a finding that has been expressly authorized by the Legislature in connection with the sentencing provisions of any particular crime. We have not been referred to any such statute by the defendant.

ate time for negotiation and agreement on any disposition that avoids trial.

The disposition in this case was apparently sought by the defendant and imposed by the judge in good faith reliance on Standard 3:01. This decision, disapproving of what is said to be the heretofore common practice of granting a continuance without a finding after a bench trial, may not have been anticipated, despite the awareness that the district attorney for the Hampden district was challenging the practice.[8] We think it would be unfair to the defendant to vacate the disposition and direct the entry of a guilty finding with a mandate ordering that the defendant be resentenced. See *Commonwealth* v. *Cass*, 392 Mass. 799, 808 (1984). We also conclude that all defendants who currently have received posttrial continuances without findings over the Commonwealth's objections should be allowed to retain those dispositions. Accordingly, the disposition imposed on the defendant on September 21, 1994, is affirmed. The disposition otherwise cannot be imposed over the Commonwealth's objection in a bench trial after the date of this opinion.

*So ordered.*

---

[8]By a separate memorandum, all the other district attorneys and the Attorney General have joined in this case (and also in *Commonwealth* v. *Pyles, ante* 717 [1996]) in support of the district attorney for the Hampden district in asking that the disposition at issue in each case be disapproved.