COMMONWEALTH *vs.* AVINO RESENDE (and three companion cases[1]). June 2, 1998. *Moot Question. Practice, Criminal,* Appeal, Continuance without a finding.

The defendants each were charged with one count of motor vehicle insurance fraud in violation of G. L. c. 266 § 111B, and one count of attempting to commit the crime of larceny over $250, in violation of G. L. c. 266, § 30, and G. L. c. 274, § 6. Both defendants waived their right to a trial by jury and the cases proceeded to trial before a judge in the Brockton Division of the District Court Department. On the first day of trial, the Commonwealth called two witnesses, one of whom did not conclude his testimony, and the case was continued to the following day. On the second day of the trial, the parties met first in the judge's chambers to discuss a disposition of the cases. The lobby conference was not recorded. Thereafter, at a hearing that morning, the defendants recommended a continuance without a finding for six months on both counts, respectively, and the Commonwealth recommended guilty findings, with one year's probation and 250 hours of community services, together with $2,000 to be paid by each defendant in restitution. The judge imposed a continuance without a finding for six months on each charge, with a $35 victim-witness fee and $100 in court costs to be paid by each defendant. On the record before us, the prosecutor did not challenge the judge's authority to enter a continuance without a finding.

The Commonwealth filed a timely appeal from the judge's disposition of a continuance without a finding, and, on May 28, 1997, the case was entered in the Appeals Court. The Commonwealth did not file a motion to stay the sentence pending appeal, and on August 26, 1997, the District Court judge dismissed the complaints. The Commonwealth did not file a notice of appeal from the dismissals within thirty days as required by Mass. R. A. P. 4 (b), as amended, 378 Mass. 928 (1979). On October 14, 1997, the Commonwealth filed a motion in the District Court seeking permission to file late notices of appeal. The motions were denied.

On October 10, 1997, the Commonwealth filed an application for direct appellate review in this court seeking review of the judge's disposition of the charges and challenging the authority of the District Court judge to enter a continuance without a finding after the trial had commenced. On November 12, 1997, we granted the Commonwealth's application. On November 20, and December 9, 1997, the defendants filed motions to dismiss the Commonwealth's appeal on the grounds that the case was moot, and that the Commonwealth's brief did not comply with the rules of appellate procedure. Specifically, the defendants argued that the Commonwealth had not objected below to the judge's authority to enter a continuance without a finding, and that the Commonwealth had failed to provide a citation to the record for its claim that it had objected to the disposition below, as required by Mass. R. A. P. 16 (e), as amended, 378 Mass. 940 (1979). The motions to dismiss were

---

[1]Two complaints against Jose M. Araujo and one against Avino Resende.

referred to a single justice of this court, who recommended that they be denied. We adopted the recommendation of the single justice. On April 9, 1998, the same day that oral argument was heard in the appeal, the Commonwealth filed a motion to settle the record on appeal, which was denied by the court.

We dismiss the Commonwealth's appeal. First, the issues are moot. The defendants have served their sentences, and the cases against them have been dismissed. Accordingly, a decision by this court would have no effect on the defendants' status. See *Commonwealth* v. *Gomes*, 419 Mass. 630, 631 n.2 (1995) (Commonwealth's appeal dismissed for mootness where defendant had already served sentence imposed). The Commonwealth argues that the District Court judge lacked the authority to dismiss the cases because, once the Commonwealth's appeal from the order granting the continuances was docketed in the Appeals Court, the District Court no longer retained jurisdiction over the cases. The argument is without merit. The Commonwealth relies on *Commonwealth* v. *Cronk*, 396 Mass. 194, 196-197 (1985), where we held that, after an appeal of an order had been entered in the Appeals Court, the District Court judge "no longer had jurisdiction to reconsider the earlier order." That case concerned a trial judge's authority to vacate an earlier order while an appeal is pending; it did not concern the authority of a judge in the District Court to dismiss a case after a continuance had been ordered and where no stay of the order has been sought or granted. In *Commonwealth* v. *Brandano*, 359 Mass. 332, 337 (1971), we outlined the proper procedures to be followed when the dismissal of a case is requested by the defendant. When the Commonwealth appeals from an order continuing a case without a finding, it may file a motion seeking to stay the probationary period pending appeal to prevent the appeal from becoming moot. See *Commonwealth* v. *Norrell*, 423 Mass. 725, 726 n.3 (1996).

Even were we to exercise our discretion to consider the appeal on its merits, see *Gomes*, *supra* at 632 n.2, a critical fact on which the Commonwealth relies — that the Commonwealth objected below to the disposition of the cases by the District Court judge — has no support in the record, and is, in any event, challenged by the defendants. In these circumstances we decline to consider the merits of the Commonwealth's claim.

*Appeal dismissed.*

*David R. Marks*, Assistant Attorney General (*Brian P. Burke*, Assistant Attorney General, with him) for the Commonwealth.

*Michael A. Bergeron* for Jose M. Araujo.