Gordon, Robert B., J.
The plaintiff, Scott Channing (“Channing”), appeals a decision of the Board of Appeals on Motor Vehicle Liability Policies and Bonds (“the Board”), which affirmed the action of the Registry of Motor Vehicles (“the Registry”) disqualifying Channing’s right to operate a commercial motor vehicle for two years. Channing appeals this decision pursuant to G.L.c. 30A, §14. The matter is before this Court on Channing’s Motion for Judgment on the Pleadings. For the reasons set forth below, Charming’s motion is ALLOWED.
BACKGROUND
On November 27, 2012, Channing was arraigned in the Uxbridge District Court and charged with operating under the influence (“OUI”); negligent operation of a motor vehicle; marked lanes violation; and possession of a Class B substance. On December 12, 2012, Channing entered a plea of guilty to the marked lanes violation, and admitted to sufficient facts to warrant a finding of guilty to the charges of OUI and possession of a Class B substance.
The Registry notified Channing that, effective November 25, 2012, Channing’s right to operate a commercial motor vehicle would be suspended for one year for failure to submit to a chemical breath or blood test at the time of his arrest. The Registry sent Channing another notice on December 13, 2012, stating that, as a result of the Uxbridge District Court’s disposition of the OUI charge, Channing’s right to operate a commercial motor vehicle would be disqualified for another year, effective November 25, 2013.
Channing appealed the Registry’s decision to the Board, and the Board held a hearing on January 25, 2013. Channing only appealed the second suspension based on the resolution of the OUI charge. At the hearing, both parties presented evidence. The Board issued its Finding and Order on January 30, 2013, affirming the Registry’s decision. Pursuant to G.L.c. 30A, §14, Channing now brings this action to challenge the imposition of the additional one-year suspension.
DISCUSSION
I. Standard of Review
Pursuant to G.L.c. 30A, any person aggrieved by an agency decision in an adjudicatory proceeding may appeal the decision to the Superior Court. The Court may reverse, remand, or modify an agency decision “if it determines that the substantial rights of any party may have been prejudiced” because the decision is “unsupported by substantial evidence,” or if the decision is “arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with the law.” G.L.c. 30A, §14(7). The Court may order relief from an agency decision if the decision was: (1) in violation of constitutional provisions; (2) in excess of the statutoiy authority or jurisdiction of the agency; (3) based upon an error of law; (4) made upon unlawful procedure; (5) unsupported by substantial evidence; (6) unwarranted by facts found by the court on the record submitted or amplified where the court is constitutionally required to make independent findings of fact; or (7) arbitrary and capricious, an abuse of discretion, or *267 otherwisenotinaccordancewiththelaw. Id. The party appealing the agency decision bears the burden of demonstrating its invalidity. See Merisme v. Board of Appeals on Motor Vehicle Liab. Policies & Bonds, 27 Mass.App.Ct. 470, 474 (1989).
II. Analysis
The central question posed in this case is whether Channing’s admission to sufficient facts to warrant a finding of guilty on his OUI charge, also known as a continuance without a finding (“CWOF”), constitutes a “conviction” for purposes of G.L.c. 90F, §9. Although deference is ordinarily given to an agency’s interpretation of a statute it is charged with enforcing, because here “the interpretative question is purely a legal one and because ‘[t]he duty of statutory interpretation rests ultimately with the courts,’ [this Court] reviews the board’s interpretation de novo.” Souza v. Registrar of Motor Vehicles, 462 Mass. 227, 229-30 (2012), quoting Boston Hous. Auth. v. National Conference of Fireman & Oilers, Local 3, 458 Mass. 155, 164 (2010) (citations omitted).
"When assaying a matter of statutory construction, the Court looks at the statute “according to the intent of the Legislature ascertained from all its words construed by the ordinary and approved usage of the language, considered in connection with the cause of its enactment, the mischief or imperfection to be remedied and the main object to be accomplished, to the end that the purpose of its framers may be effectuated.” O’Brien v. Director of the Div. of Emp’t Sec., 393 Mass. 482, 487-88 (1984), quoting Industrial Fin. Corp. v. State Tax Comm’n, 367 Mass. 360, 364 (1975). “[T]he statutory language itself is the principal source of insight into the legislative purpose.” Hoffman v. Howmedica, Inc., 373 Mass. 32, 37 (1977). “A fundamental tenet of statutory interpretation is that statutory language should be given effect consistent with its plain meaning and in light of the aim of the Legislature unless to do so would achieve an illogical result.” Sullivan v. Brookline, 435 Mass. 353, 360 (2001).
General Laws c. 90F, §9(A)(2) provides:
Any person, who holds a license to operate a motor vehicle, a license to operate a commercial motor vehicle or is unlicensed, is disqualified from operating a commercial motor vehicle and is prohibited from operating a commercial motor vehicle for a period of not less than 1 year if convicted of a first violation of: operating a commercial motor vehicle or a motor vehicle under the influence of alcohol or drugs . . .
In order to determine the meaning of “convicted,” this Court looks to G.L.c. 90F, §1, which defines “conviction” as follows:
“Conviction,” an unvacated adjudication of guilt; a determination that a person has violated or failed to comply with the law in a court of original jurisdiction; in an administrative proceeding, if the adjudication of guilt is within its jurisdiction; an unvacated forfeiture of bail or collateral, deposited to secure the person’s appearance in court; a plea of guilty or nolo contendere accepted by the court; the payment of a fine or court cost; or violation of a condition of release without bail; regardless of whether the penalty is rebated, suspended or probated.
In the present case, Channing’s OUI disposition was not an adjudication of guilt, but rather a pleading to sufficient facts followed by a continuation of the case without a finding (or “CWOF” in its familiar vernacular) in accordance with Mass.R.Crim.P. 12(a)(2). A CWOF represents a unique form of plea, because “[p]art of the disposition [the admission to sufficient facts] suggests the defendant’s guilt, while the remaining part [the continuance without a finding of guilt] allows the defendant to have the entire slate wiped clean if there is compliance with any terms imposed in connection with the continuance and no other criminal misconduct.” Commonwealth v. Norwell, 423 Mass. 725, 726 (1996). Massachusetts Rule of Criminal Procedure 12(a)(2) provides that “[i]n a District Court, a defendant may, after a plea of not guilty, admit to sufficient facts to warrant a finding of guilty.” Under G.L.c. 278, §18, the defendant may then request a specific disposition, including that a guilty finding not be entered and that the Court continue the case without a finding of guilt. If the Court grants the CWOF, the case will be continued until a later date — at which time it will be dismissed, provided the defendant complies with the specific conditions established by the Court. Id. As a result, a CWOF is beneficial to the defendant, inasmuch as “he may be able to avoid a trial and ‘earn’ a dismissal of the . . . complaint, thereby avoiding the consequences of having a criminal conviction on his record.” Commonwealth v. Duquette, 386 Mass. 834, 843 (1982). It is this distinctive feature of the plea that clouds a CWOF’s status as a qualifying conviction for purposes of the enhanced license forfeiture provisions of Chapter 90F.
In the recent case of Souza v. Registrar of Motor Vehicles, 462 Mass. 227 (2012), the SJC interpreted the definition of “conviction” found in the closely parallel provisions of G.L.c. 90, §24.[2] In Souza the SJC held that a CWOF was not encompassed in that definition, because its text “confine[d] itself to a guilty plea, a plea of nolo contendere, a finding of guilty, or a judgment of guilty.” Id. at 231. Cf. Commonwealth v. Jackson, 45 Mass.App.Ct. 666, 670-71 (1998) (holding that a CWOF did not fall within the definition of an impeachable “conviction” under G.L.c. 233, §21 when the statute defined conviction as a “plea of guilty or a finding or verdict of guilty”). The Registry urges, however, that Souza does not control the present case, because the def *268 inition of “conviction” atissuein thatnon-commercial licenserevocation(uiz., G.L.c. 90, §24) differs materially from the definition applied in the context of Channing’s enhanced suspension of his commercial license. In G.L.c. 90F, §1, the specific commercial license statute at issue in the present case, “conviction” is additionally defined to include a “determination that a person has violated or failed to comply with the law in a court of original jurisdiction ...” This quoted phrase was not part of the statute before the SJC in Souza, raising the question of whether the broadened definition of “conviction” will extend to bring a CWOF within its coverage. Having considered the matter carefully, this Court does not believe that the additional “determination” language of Chapter 90F, §1 changes the essential holding of Souza.
As an initial matter, the term “determination” suggests a final adjudication of the facts based on an application of law by the Court. See Black’s Law Dictionary (defining “determination” as “[a] final decision by a court or administrative agency”). This construction of the term finds further support in the regular judicial usage thereof. See, e.g., Commonwealth v. Parenteau, 460 Mass. 1, 10 n.10 (2011) (a judge must carefully examine each record at issue to “determine” whether the record is testimonial) (emphasis added); In re Adoption of Thayer, 2013 WL 6048739 at*l (Mass.App.Ct. 2013) (after a hearing, the trial judge makes a “determination” of parental unfitness) (emphasis added); Commonwealth v. Collins, No. 09-P-334, slip op. at *1 (Mass.App.Ct. Aug. 4, 2010) (Wolohojian, J.) (before granting a restraining order, a judge must hold a hearing and “determine” that abuse occurred) (emphasis added); Cannonball Fund, Ltd. v. Dutchess Capital Mgt., 84 Mass.App.Ct. 75, 97 (2013) (a judge must “determine,” by a preponderance of the evidence, that the defendant has sufficient contacts with the Commonwealth to allow for personal jurisdiction) (emphasis added). In each of these cases, the “determination” by the court reflects a level of active decisionality[3]— an adjudicative finding — that is plainly absent in the context of a court’s passive acceptance of a CWOF. Indeed, a CWOF, by its express appellation, represents a continuance without a finding, the very purpose of which is to allow a defendant to avoid what would otherwise be a conviction (through dismissal of the charge if he is able to comply with probation-type conditions set by the Court). Thus “falling somewhere between guilt and complete innocence,” Norwell, 423 Mass. at 726, a CWOF cannot fairly be equated with a criminal conviction absent a clear expression of such intent by the Legislature. The “determination” language of Chapter 90F, §1 reflects no such clarity of intent, and thus does not alter the essential holding of Souza.
More recently, the Appeals Court has opined when a statute will be construed to bring a CWOF within the purview of a referenced “conviction.” In Commonwealth v. Berrios, No. 11-P-1426, slip op. at *16-17 (Mass.App.Ct. Nov. 19, 2013), the Court held that a CWOF was encompassed within the definition of “conviction” because the language of the statute specifically referred to it. The statute at issue in Berrios provided that “(t]he sentence of community parole supervision for life shall commence . . . upon the expiration of a continuance without a finding ...” Id. at 17.
Although the issue is not altogether free from doubt, the holdings of Souza and Berrios, read together, strongly indicate that a CWOF should not be treated as a conviction unless the Legislature has made clear in applicable statutory text that it should. As the Souza Court observed, “(i]f the Legislature . . . wanted to include an admission to sufficient facts in the definition of ‘conviction,’ it could have done so by explicitly amending [the statute].” Souza, 462 Mass, at 232. And, after the 2012 decision in Souza, the Legislature did just that, amending Chapter 90, §24 to include an admission to sufficient findings within the definition of “conviction.” Revealingly, the Legislature made no such modification to the definition of Chapter 90F, §1. “Where the Legislature has employed specific language in one paragraph, but notin another, the language should not be implied where it is not present.” Commonwealth v. Galvin, 388 Mass. 326, 330 (1983), quoting Beeler v. Downey, 387 Mass. 609, 616 (1982).
In accordance with the foregoing discussion, it appears evident that the Legislature did not intend for a CWOF to be treated as a predicate conviction for purposes of G.L.c. 90F, §9(A)(2). Therefore, the statute did not properly authorize the Registry to suspend Channing’s right to operate a commercial vehicle for an additional year.
ORDER
For the reasons set forth hereinabove, it is ORDERED that judgment on the pleadings enter in favor of the Plaintiff. Final judgment shall enter for the Plaintiff, VACATING the Board’s decision imposing a two-year suspension on Plaintiffs license and REDUCING the Plaintiffs license suspension to one year.

The case involved the enhanced forfeiture of a non-commercial license, and thus addressed a different statute, found in Chapter 90, than the provision implicated in Channing’s present appeal.

With apologies to the purists, there are some times when no word will do quite like an invented one.