VUONO, J.
*552 The Commonwealth appeals from the order denying its motion brought under Mass. R. Crim. P. 29 (a), as appearing in 474 Mass. 1503 (2016), which provides authority to revise or *553 revoke an illegal sentence.[2] The Commonwealth sought review of a continuance without a finding entered pursuant to G. L. c. 278, § 18 (hereinafter, the statute),[3] by a District Court judge. According to the Commonwealth, the disposition was unlawful because the judge failed to impose specific conditions, as required by the statute, and then immediately dismissed the case. Although we conclude that the disposition was improper, we are constrained to dismiss the Commonwealth's appeal. Relief under rule 29 (a) is not available in the circumstances presented because rule 29 (a) applies when an illegal sentence is imposed, and no sentence is imposed upon the entry of a continuance without a finding.[4]
Background. The defendant was charged in a complaint with breaking and entering in the nighttime with intent to commit a felony, in violation of G. L. c. 266, § 16 ; disturbing the peace, in violation of G. L. c. 272, § 53 ; vandalizing property, in violation of G. L. c. 266, § 126A ; threats to commit a crime, in violation of G. L. c. 275, § 2 ; and intimidation of a witness, in violation of G. L. c. 268, § 13B. The defendant decided to plead guilty and appeared in court on March 24, 2017, for a change of plea hearing.[5]
At the beginning of the hearing, the prosecutor recited the following *554 facts. At around 10:20 P . M ., on February 27, 2017, the defendant went to the home of his former girlfriend, whom we shall call Karen. The two had recently begun dating, but Karen was no longer interested in the relationship. Before arriving at Karen's home, the defendant sent her a number of text messages. One of the messages contained a threat to kill Karen. The defendant also stated that he wanted to come over to her house. Karen told the defendant to leave her alone, but he did not comply with her request. Instead, he arrived at Karen's house and pounded on the windows. Karen pleaded with the defendant to leave. The defendant ignored her pleas and forced his way into the house, breaking two locks that had secured the storm door. Once inside, he took the keys to the house. Apparently referring to a restraining order, the defendant told Karen that he was not scared of a piece of paper.
When the police arrived, the defendant and one other person were standing outside on the street. The defendant sent another text message to Karen stating: "Come out and say it wasn't us." The defendant was arrested, after which he began to scream at Karen, causing the neighbors to look out of their windows.
After the judge heard the facts described above, he remarked that the factual basis for the charge of breaking and entering in the nighttime with the intent to commit a felony "sound[ed] like a misdemeanor ... perhaps [a] trespass." Despite his skepticism, the judge continued with the plea colloquy. The defendant acknowledged that the facts stated by the prosecutor were true, the judge accepted the defendant's plea as knowing and voluntary, and the parties were asked to give their sentence recommendation. The Commonwealth and the defendant did not agree on a disposition. The prosecutor informed the judge that a probation officer had determined that the defendant was not a suitable candidate for probation based on his significant criminal history, which included a conviction of rape for which he served a four-to-six-year term of incarceration; two convictions of assault and battery by means of a dangerous weapon; a conviction each of failure to register as a sex offender, trespass, and resisting arrest; two convictions of violating a restraining order; and two violations of probation. The prosecutor requested that the judge impose a sentence of eighteen months in the house of correction.
*555 Defense counsel requested a more lenient sentence and, noting that the defendant had already served approximately thirty days in jail, asked the judge to impose a one-year suspended sentence.
The judge rejected both recommendations. He found sufficient facts to warrant the entry of a finding of guilty on the charge of breaking and entering in the nighttime with the intent to commit a felony, and then dismissed the charge. He explained: "So essentially I'll CWOF[6 ] and dismiss the [breaking and entering], which I think is wildly overcharged." The charge of disturbing the peace was "guilty and filed" and the judge imposed six months to be served concurrently on the remaining charges.
At the conclusion of the hearing, the prosecutor asked the judge why the facts were not sufficient to support the charge of breaking and entering in the nighttime with the intent to commit a felony. The following exchange ensued:
JUDGE : "Well, I did find facts sufficient. I just thought it was wildly overcharged, I don't really understand what the felony is that he would have committed upon entering. At best, it was potentially, well, let's say no more, he's admitted to facts sufficient, I found facts sufficient."
PROSECUTOR : "Okay. So it's a -- "
JUDGE : "It's the appropriate thing was facts sufficient to dismiss, bearing in mind I'm giving him six months in the house of correction on the other charges."
Approximately fifty-eight days later, the Commonwealth filed a timely motion to revise or revoke pursuant to rule 29 (a), challenging the disposition. The Commonwealth claimed that the entry of a continuance without a finding constituted an illegal sentence because the judge failed to (1) continue the case to a specific date; (2) impose specific terms and conditions; and (3) place the defendant on probation. The judge denied the motion in a margin endorsement.
Discussion. We agree that the disposition at issue did not conform to the statute. As such, the disposition was unlawful.[7] The *556 problem, however, is that the Commonwealth chose the wrong avenue to correct the judge's mistake.
Although the proper vehicle by which the Commonwealth may challenge an illegal sentence is to file a motion under rule 29 (a), see Commonwealth v. Selavka, 469 Mass. 502, 508, 14 N.E.3d 933 (2014), rule 29 (a) is not applicable where, as here, there is no sentence to correct. A disposition under the statute resolves the underlying criminal case, but it does not constitute a sentence. To begin with, "[a]n admission to sufficient facts followed by a continuance without a finding is not a 'conviction' under Massachusetts law." Commonwealth v. Villalobos, 437 Mass. 797, 802, 777 N.E.2d 116 (2002).[8] Rather, where a judge continues a case without a finding, a guilty finding is not entered and the case is "continued without a finding to a specific date thereupon to be dismissed, such continuance conditioned upon compliance with specific terms and conditions or that the defendant be placed on probation." G. L. c. 278, § 18. See Commonwealth v. Mosher, 455 Mass. 811, 822, 920 N.E.2d 285 (2010) ("A continuance without a finding closely resembles a sentence of straight probation"); Commonwealth v. Rodriguez, 52 Mass. App. Ct. 572, 576, 755 N.E.2d 753 (2001) ("a term of straight probation is not a sentence even though such a disposition may be appealed").[9] See also E.B. Cypher, Criminal Practice and Procedure § 24:18 (4th ed. 2014) ("Such continuance ... must be conditioned upon either the defendant's compliance with specific terms or the defendant being placed on probation). In effect, a continuance without a finding is a deferral of a sentencing decision. No sentence is imposed unless the defendant fails to comply with the terms and conditions set by the judge or commits a new offense during the probationary term. Accordingly, rule 29 (a) provides no basis to challenge the disposition at issue here.
The Commonwealth, however, was not without a remedy. In its brief, the Commonwealth argues that "a [continuance without a *557 finding] and an immediate dismissal is effectively tantamount to a [pretrial] dismissal." The Commonwealth is correct. What happened here was the equivalent of granting a motion to dismiss before a guilty finding was entered. Consequently, the Commonwealth should have filed an appeal pursuant to Mass. R. Crim. P. 15 (a), 476 Mass. 1501 (2017).[10] That rule provides that "[t]he Commonwealth shall have the right to appeal to the Appeals Court a decision by a judge granting a motion to dismiss a complaint or indictment." Furthermore, the Commonwealth should have filed a notice of appeal within thirty days of the date on which the charge was dismissed. See Mass. R. Crim. P. 15 (b) (1), as amended, 476 Mass. 1501 (2017).[11] The Commonwealth chose the wrong avenue to correct what it maintains is an unlawful disposition. The error is regrettable, especially in light of the fact that it appears that the judge's action violated the separation of powers principles in art. 30 of the Massachusetts Declaration of Rights, but the error cannot be cured by filing a motion to revise or revoke under rule 29 (a).[12]
Appeal dismissed.
SINGH, J. (dissenting, with whom Desmond, J., joins).
I believe that the Commonwealth properly utilized Mass. R. Crim. P. 29, as *558 appearing in 474 Mass. 1503 (2016), to challenge the disposition here. The court reasons that rule 29 is inapplicable because the rule deals with illegal sentences, and a continuance without a finding disposition entails no sentence upon its imposition.[1] Ante --- at ----, 129 N.E.3d at ----. The term "sentence," however, is not defined within the rule. The term has a commonly understood meaning, involving punishment imposed upon conviction of a crime. See Webster's Third New International Dictionary 2068 (1993) (sentence defined as "the order by which a court or judge imposes punishment or penalty upon a person found guilty[,] ... the punishment or penalty so imposed"). Yet, the term has been defined in varying ways in our cases. Compare Commonwealth v. Cory, 454 Mass. 559, 567, 911 N.E.2d 187 (2009) ("probation is a type of criminal sentence with goals that include punishment, deterrence, and retribution"), with Commonwealth v. Bruzzese, 437 Mass. 606, 617, 773 N.E.2d 921 (2002) ("a term of straight probation is not a sentence"). See Commonwealth v. Sebastian S., 444 Mass. 306, 307, 827 N.E.2d 708 (2005) (court ordered dockets to be corrected "to reflect the lawful sentences of 'continuance without a finding' conditioned on probation"). Thus, the question is whether a continuance without a finding entails a sentence for the purpose of rule 29.
In response to a request by the Supreme Judicial Court in Commonwealth v. Selavka, 469 Mass. 502, 508, 14 N.E.3d 933 (2014), rule 29 was amended (effective September 1, 2016) to expressly provide for the Commonwealth's right to challenge an illegal sentence in *559 the trial court. See Reporters' Notes to Rule 29 (a) (1), Mass. Ann. Laws Court Rules, Rules of Criminal Procedure, at 1768 (LexisNexis 2018). The defendant there was required to serve a seven-year term of probation in connection with sentencing for a sex offense. Selavka, supra at 503, 14 N.E.3d 933. Although the offense carried a statutorily mandated condition of global position system (GPS) monitoring for any probationary term, the GPS monitoring was not imposed at sentencing. Id. One year into the defendant's probation, the Commonwealth sought to have the sentence corrected. Id. The court ruled that GPS monitoring could not be imposed, even though it was required to legitimize the sentence, because the delay in correction of the sentence infringed on the defendant's interest in finality. Id.
The court recognized the need to balance society's interest in law enforcement against the defendant's interest in finality. Observing that "a sentence remains conditional rather than final in nature" while subject to revocation or revision, the court held that rule 29, with its sixty-day time frame, reasonably balances these interests and therefore is the proper vehicle by which the Commonwealth may challenge an illegal sentence. Id. at 508, 14 N.E.3d 933. The court therefore directed that, "In the future, ... the Commonwealth will be obliged to discern and seek to correct sentencing errors within the sixty-day time period of rule 29 (a)." Id. at 513-514, 14 N.E.3d 933. The Commonwealth did just that in this case.
The Commonwealth filed a timely motion to revise or revoke pursuant to rule 29. Its challenge was not to the entry of the continuance without a finding, as the Commonwealth acknowledged that it was a lawful disposition for the charged offense. Contrast Commonwealth v. McCulloch, 450 Mass. 483, 489, 879 N.E.2d 685 (2008) (defendant inappropriately used rule 29 to seek change in finding of guilt to continuance without finding). Rather, the Commonwealth challenged the sentencing aspects of the disposition -- the lack of any probationary term or "specific terms and conditions" and the lack of any continuance to "a specific date." G. L. c. 278, § 18. Rule 29 was thus a proper avenue for the Commonwealth to challenge the disposition.[2]
*560 The court reasons that the judge's action in ordering a continuance without a finding and immediately dismissing the charge was "the equivalent of granting a motion to dismiss before a guilty finding was entered."[3] Ante --- at ----, 129 N.E.3d at 316. While no guilty finding entered, a finding did enter -- it was a finding that the facts as stated by the prosecutor and admitted to by the defendant were sufficient to warrant a finding of guilt. It is precisely this finding that allows an admission to sufficient facts to be treated as a guilty plea in many respects. See Reporters' Notes to Rule 12, Mass. Ann. Laws Court Rules, Rules of Criminal Procedure, at 1567 (LexisNexis 2018) (admission to sufficient facts triggers essentially same safeguards required when defendant offers to plead guilty). Indeed, the proper method for vacating a continuance without a finding is by a motion for postconviction relief under Mass. R. Crim. P. 30, as appearing in 435 Mass. 1501 (2001), even though there is no conviction upon the imposition of a continuance without a finding. Cf. Commonwealth v. Scott, 467 Mass. 336, 337 n.1, 344, 5 N.E.3d 530 (2014) (admission to sufficient facts treated like guilty plea for purpose of Mass. R. Crim. P. 30 [b] ). Likewise, the absence of a conviction does not preclude the applicability of rule 29 for correcting the sentencing aspects of a continuance without a finding. See Commonwealth v. Norrell, 423 Mass. 725, 727 n.5, 673 N.E.2d 19 (1996) ("The defendant's option to admit to sufficient facts to warrant a finding of guilt and to be sentenced on the basis of such an admission is provided for in Mass. R. Crim. P. 12 [a] [3], 378 Mass. 866 [1979] [authorizing an admission], and Mass. R. Crim. P. 28 [b] [1979] [sentencing after an admission]."
Many offenses for which a continuance without a finding may *561 be imposed involve statutorily mandated terms and conditions.[4] In any case where there is a neglect to impose these mandatory terms, the situation may be remedied in short order by the Commonwealth bringing the issue to the judge's attention within sixty days of sentencing by way of a rule 29 motion. "Requiring that the Commonwealth ... adhere to a uniform procedure ... ensures that a defendant need not, based on the ongoing possibility of heightened punishment, live in a constant state of anxiety and insecurity" (citation and quotations omitted). Selavka, 469 Mass. at 508, 14 N.E.3d 933. As the Supreme Judicial Court held, rule 29 "reasonably balances the defendant's interest in finality against society's interest in law enforcement" (citation omitted). Id. The need to balance these interests is no less present in a continuance without a finding disposition than in any other final criminal disposition.[5]
I would therefore reach the merits. After finding that the defendant had admitted to sufficient facts to find him guilty of breaking and entering at nighttime with intent to commit a felony, the District Court judge immediately dismissed the offense. Though he labeled the disposition a continuance without a finding, the judge did not order that the matter be continued. The immediate dismissal of the case was not conditioned on successful completion of probation or any other alternative terms or conditions, as required by G. L. c. 278, § 18. See Commonwealth v. Mosher, 455 Mass. 811, 822, 920 N.E.2d 285 (2010) ; Commonwealth v. Powell, 453 Mass. 320, 329, 901 N.E.2d 686 (2009). A sentence "that contradicts the statutory provision in question, even where those contradictions favor the defendant," is illegal. Commonwealth v. Walters, 479 Mass. 277, 281, 94 N.E.3d 764 (2018).

Rule 29 (a) provides in pertinent part as follows. "The trial judge, upon the judge's own motion, or the written motion of the prosecutor, filed within sixty days after imposition of a sentence, may revise or revoke such sentence if the judge determines that any part of the sentence was illegal."

The statute reads, in pertinent part:
"[A] defendant with whom the commonwealth cannot reach agreement for a recommended disposition shall be allowed to tender a plea of guilty together with a request for a specific disposition. Such request may include any disposition or dispositional terms within the court's jurisdiction, including, unless otherwise prohibited by law, a dispositional request that a guilty finding not be entered, but rather the case be continued without a finding to a specific date thereupon to be dismissed, such continuance conditioned upon compliance with specific terms and conditions or that the defendant be placed on probation pursuant to the provisions of [G. L. c. 276, § 87 ]."

We recognize that both parties proceeded as if rule 29 (a) applies to a disposition made under the statute. At oral argument, we questioned whether the filing of a rule 29 (a) motion was appropriate when there was no sentence to revise or to revoke. The prosecutor maintained that the Commonwealth had followed the proper procedure.

On the day he tendered his plea, the defendant was arraigned on an unrelated complaint. At the within plea hearing, he pleaded guilty to the charge of operating a motor vehicle with a suspended license, in violation of G. L. c. 90, § 23, and was found responsible for the civil infraction of driving without a valid inspection sticker, in violation of G. L. c. 90, § 20. Both convictions were placed on file.

Continue without a finding.

The defendant maintains that the Commonwealth's appeal should be dismissed because the case is now moot. The Commonwealth agrees that the case is moot but contends that we should consider the issue because the granting of a continuance without a finding without regard to the requirements of the statute is a recurring problem that is likely to evade review. See Commonwealth v. Taylor, 428 Mass. 623, 624, 704 N.E.2d 170 (1999). Given our conclusion, we need not decide the issue.

We note that an admission to sufficient facts followed by a continuance without a finding constitutes a conviction under Federal immigration law whenever the terms include any "restraint on the alien's liberty," notwithstanding the fact that the underlying charge has been or will be dismissed. See Moosa v. Immigration & Naturalization Serv., 171 F.3d 994, 1002 (5th Cir. 1999).

We note that in Commonwealth v. Cory, 454 Mass. 559, 911 N.E.2d 187 (2009) ; Commonwealth v. Bruzzese, 437 Mass. 606, 773 N.E.2d 921 (2002) ; and Commonwealth v. Christian, 46 Mass. App. Ct. 477, 707 N.E.2d 381, S.C., 429 Mass. 1022, 712 N.E.2d 573 (1999), cited by the dissent, each case involved a term of probation after a guilty plea, i.e., a conviction.

Rule 15 (a) is derived from G. L. c. 278, § 28E, which states in pertinent part that an appeal may be taken by the Commonwealth in all criminal cases from an order allowing a motion to dismiss an indictment or a complaint. For example, in Commonwealth v. Norrell, 423 Mass. 725, 726 n.2, 673 N.E.2d 19 (1996), the Supreme Judicial Court treated the Commonwealth's appeal from a continuance without a finding as one taken under G. L. c. 278, § 28E. See Commonwealth v. Resende, 427 Mass. 1005, 1005, 694 N.E.2d 843 (1998) (Commonwealth timely and properly appealed entry of continuance without finding); Commonwealth v. Gomes, 419 Mass. 630, 632 n.3, 646 N.E.2d 1041 (1995) (Commonwealth's appeal from continuance without finding treated as appeal under G. L. c. 278, § 28E ). The Commonwealth also had the option of filing a petition pursuant to G. L. c. 211, § 3, requesting that the Supreme Judicial Court issue an order to vacate the disposition under its general superintendence power. See Commonwealth v. Rotonda, 434 Mass. 211, 212 n.1, 747 N.E.2d 1199 (2001).

The Commonwealth also could have sought permission to enlarge the time for filing its notice of appeal under Mass. R. A. P. 14 (b), 481 Mass. 1626 (2019). In addition, in theory, we could exercise our discretion and treat the Commonwealth's appeal from the order denying its rule 29 (a) motion as a late notice of appeal under Mass. R. Crim. P. 15 and reach the merits of the Commonwealth's arguments. We decline to do so.

Article 30 of the Massachusetts Declaration of Rights provides for separation of powers among the branches of government and gives the prosecutor broad discretion in deciding whether to prosecute a case. See Commonwealth v. Pyles, 423 Mass. 717, 719, 672 N.E.2d 96 (1996). On more than one occasion, the judge made clear that he did not agree with the decision of the district attorney to charge the defendant with breaking and entering at nighttime with intent to commit a felony. Although the judge found sufficient facts, the record indicates that he entered a continuance without a finding and immediately dismissed the charge based on his disagreement. This action improperly intruded upon the executive power of the district attorney.

The court notes that a continuance without a finding "closely resembles a sentence of straight probation," quoting Commonwealth v. Mosher, 455 Mass. 811, 822, 920 N.E.2d 285 (2010), and that "a term of straight probation is not a sentence," quoting Commonwealth v. Rodriguez, 52 Mass. App. Ct. 572, 576, 755 N.E.2d 753 (2001). Ante --- at ----, 129 N.E.3d at 316. If this definition of "sentence" is to govern, then it would appear that a straight probationary disposition could not be subject to a rule 29 motion. Yet, this court has cited rule 29 as an avenue for challenging the terms and conditions of a probationary disposition. See, e.g., Commonwealth v. Christian, 46 Mass. App. Ct. 477, 482, 707 N.E.2d 381, S.C., 429 Mass. 1022, 712 N.E.2d 573 (1999) (in straight probation case, court noted that acceptance of probation conditions does not "work a waiver of a probationer's right to move" for amendment of conditions pursuant to rule 29 ).

In support of the position that rule 29 was the "wrong avenue" for the Commonwealth to have pursued, the court relies on cases that predate the 2016 amendment to rule 29 ; additionally, all of the cited cases involve a challenge to the entry of a continuance without a finding and not to its sentencing aspects. Ante --- at ----, 129 N.E.3d at ----. See Commonwealth v. Resende, 427 Mass. 1005, 1005, 694 N.E.2d 843 (1998) (Commonwealth challenged judge's authority to enter continuance without finding after trial had begun); Commonwealth v. Norrell, 423 Mass. 725, 726, 673 N.E.2d 19 (1996) (Commonwealth challenged judge's authority to enter continuance without finding after bench trial); Commonwealth v. Gomes, 419 Mass. 630, 631, 646 N.E.2d 1041 (1995) (Commonwealth challenged judge's authority to revoke guilty finding declared in open court and then to enter continuance without finding).

I do not disagree with the court that the Commonwealth could have filed an appeal pursuant to Mass. R. Crim. P. 15 (a), as amended, 476 Mass. 1501 (2017), on the theory that it was appealing from the order dismissing the charge. Ante --- at ----, 129 N.E.3d at ----. See Commonwealth v. Brandano, 359 Mass. 332, 334, 269 N.E.2d 84 (1971) (Commonwealth had right to appeal from dismissal of case following continuance without finding). I do not believe, however, that an available avenue (albeit with a shorter time frame for filing) invalidates another legitimate avenue.

See, e.g., G. L. c. 6, § 178H (a ) (upon continuance without finding for failure to register as sex offender for certain crimes, defendant must be subject to community parole supervision for life); G. L. c. 90, § 24D (upon continuance without finding for operating while under influence, defendant must be assigned to driver alcohol education program and will have driver's license suspended); G. L. c. 265, § 13M (upon continuance without finding for domestic assault and battery, defendant must complete certified batterer's intervention program).

The fact that both parties proceeded as if rule 29 were applicable to a continuance without a finding disposition suggests that neither considered that a continuance without a finding did not entail a sentence. Indeed, from the point of view of a defendant required to comply with specific terms and conditions and to be under the court's supervision while the case is continued to a specific date, the difference between a continuance without a finding disposition and a sentence may appear to be semantic.